Commonwealth, Appellant, *v.* Green.

Argued September 11, 1974. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*Carolyn Engel Temin,* Assistant District Attorney, with her *Mark Sendrow* and *Steven H. Goldblatt,* Assistant District Attorneys, *Abraham J. Gafni,* Deputy District Attorney, *Richard A. Sprague,* First Assistant District Attorney, and *F. Emmett Fitzpatrick,* District Attorney, for Commonwealth, appellant.

*Jay S. Gottlieb,* with him *Needleman, Needleman, Tabb & Eisman,* for appellee.

OPINION BY JACOBS, J., February 27, 1975:

This appeal by the Commonwealth raises the question whether an order by a judge at a preliminary hearing separating trials of offenses arising from the same episode is a violation of the statutory bar against subsequent prosecution as set forth in Section 110 of the Crimes Code.[1] Since the hearing judge's order was consented to by the defendant, we hold that he has waived any right to object under the statute or under the Supreme Court decision, *Commonwealth v. Campana,* 452 Pa. 233, 304 A.2d 432 (1973); *addendum opinion,* 455 Pa. 622, 314 A.2d 854 (1974)[2] and therefore reverse the order quashing the indictments.

The incident giving rise to this appeal began with an argument between the defendant-appellee and three other men. The altercation escalated to the point of physical abuse during which the appellee drew a knife. In the course of the ensuing scuffle, two of the men were stabbed as well as one woman who was attempting to disentangle the participants. Three sets of charges were brought against the appellee as a result, each

---

[1] Act of December 6, 1972, P.L. 1482, §1, 18 Pa.C.S. §110 (1973) [hereinafter cited as Section 110 of the Crimes Code.]

[2] Hereinafter, the first decision of *Commonwealth v. Campana,* 452 Pa. 233, 304 A.2d 432 (1973) will be cited as *Campana.* The second opinion of *Commonwealth v. Campana,* 455 Pa. 622, 314 A.2d 854 (1974) will be cited as *Campana, addendum opinion.*

consisting of aggravated assault, possession of an instrument of crime and possession of a prohibited offensive weapon. One set was brought in the name of each of the three victims. At the close of the testimony elicited at the first preliminary hearing,[3] held before a municipal court judge, the assistant district attorney requested that the count of aggravated assault pertaining to the female victim, who had been injured while attempting to restrain the appellee, be reduced to a charge of simple assault. The hearing judge, believing that the newly added misdemeanor necessitated a separation of the trials, ordered that the simple assault charge be tried in the municipal court and set a date and a room for that trial. The appellee was then bound over to the grand jury on the remaining charges heard that day. The appellee's counsel, Mr. Gottlieb, did not object to this division of the charges but on the contrary indicated his agreement and understanding of the proposed procedure after it had been thoroughly discussed. The only effort made by the appellee's counsel to consolidate the charges was a request that the charges involving the two male victims be brought together.

Indictments on the aggravated assault and weapons charges considered at the first preliminary hearing were returned on February 5, 1974. The municipal court trial was then held on the simple assault charges, following the return of the first indictments. At the municipal court trial the appellee was convicted of the assault on the female victim and sentenced to a year probation. In due course the second preliminary hear-

---

[3] The initial preliminary hearing was held on only two sets of charges, one pertaining to the woman and the other to one of the men. The hearing on the charges relating to the remaining male victim was continued due to the victim's prolonged hospitalization.

ing was held on the remaining charges involving the second male victim and indictments were subsequently returned. The appellee filed applications in the court of common pleas to have both sets of indictments quashed. The motions to quash were granted and this appeal by the Commonwealth followed.

The appellee argued below in support of his motion to quash and presently argues to this Court that the constitutional safeguard against double jeopardy[4] prevents his trial on any of the offenses for which he was indicted. He points out that the municipal court trial was held on charges arising from the same criminal episode as those charges for which the Commonwealth now seeks to indict him. Since he was already convicted in the municipal court, he contends that further prosecution on the remaining charges constitutes double jeopardy under *Commonwealth v. Campana,* supra.

The first *Campana* decision did indeed appear to support this contention. In that case, the court stated that the double jeopardy clause of the United States Constitution was violated when an attempt was made to prosecute a defendant a second time on charges arising from the same incident for which he had previously been tried on different charges.[5] The United States

---

[4] U.S. Const. amend. V.

[5] The Supreme Court stated its holding at least twice in the first *Campana* decision: "[w]e hold that *all* charges resulting from the criminal 'episode' of each appellant should have been consolidated at one trial, and consequently the second prosecutions violated the Double Jeopardy Clause of the Fifth Amendment." *Commonwealth v. Campana,* 452 Pa. 233, 239-40, 304 A.2d 432, 434 (1973) (emphasis original) ; and "[w]e hold . . . that the Double Jeopardy Clause requires a prosecutor to bring, in a single proceeding, all known charges against a defendant arising from a 'single criminal episode.' " *Id.* at 252-53, 304 A.2d at 441.

Supreme Court, however, vacated this judgment, *Pennsylvania v. Campana*, 414 U.S. 808 (1973), and on remand the Supreme Court of Pennsylvania held in *Campana, addendum opinion,* that the decision was not based on federal constitutional law but on its supervisory powers.[6] It was further stated that the Court's views on the issue of compulsory consolidation of all charges arising from a single criminal episode were entirely in harmony with Section 110 of the new Crimes Code. Consequently, if all the various charges brought by the Commonwealth against this appellee can be said to arise from a single criminal episode, Section 110 of the Crimes Code will control rather than the principles of double jeopardy expressed in *Campana*.

We agree with the court below that the events in the present case constitute a single episode. In *Campana* the concept of the same criminal episode was defined, citing authorities, as "an occurrence or connected series of occurrences and developments which may be viewed as distinctive and apart although part of a larger or more comprehensive series," *Id.* at 248, 304 A.2d at 439;[7] and prosecution was prohibited where "the charges arise out of the same act or transaction," *Id.* at 248, 304 A.2d at 439,[8] and "are founded on the same facts, or form or are part of a series of offenses of the same or similar character." *Id.* at 249, 304 A.2d

---

[6] *See also Commonwealth v. Hynd*, 230 Pa. Superior Ct. 114, 326 A.2d 434 (1974) where this Court interprets *Campana* as not being a statement of constitutional rights but a decision based on the Supreme Court's supervisory powers.

[7] This definition is quoted from the Commentary to ABA Project on Minimum Standards for Criminal Justice, Standards Relating to Joinder and Severance §1.3(a) (Approved Draft, 1968).

[8] This quotation is from *State v. Brown*, 262 Or. 442, 458, 497 P.2d 1191, 1198 (1972).

at 439.[9] The incident with which we are here concerned meets these definitions. An argument between the appellee and another man soon entangled the appellee and his two male victims in a physical struggle which the female victim attempted to terminate by seizing the knife-brandishing appellee. The fact that the struggle moved the participants from the porch to the driveway, that there were several victims, or that the first victim was already wounded when the second, then third, victims became involved does not change the nature of the encounter to a segregated series of incidents. It remains a single distinctive occurrence, a comprehensive series of acts so as to qualify as a single criminal episode. In *Commonwealth v. Beam*, 227 Pa. Superior Ct. 293, 324 A.2d 549 (1974), this Court noted that where a suspect was arrested for an instance of behavior constituting disorderly conduct and he proceeded to assault the arresting officer and resist the attempted arrest, all the charges brought against the suspect arose from the same incident or transaction, despite the time period during which they occurred or any slight change in locale.[10] In addition, the Model Penal Code, upon which Section 110 of the Crimes Code is based, indicates in its commentary to the sections dealing with compulsory joinder of charges that situations involving multiple victims were contemplated as being included in the

---

[9] *See Commonwealth v. Campana*, 452 Pa. 233, 249 n.33, 304 A.2d 432, 439 n.33 (1973) for a discussion of the source of these definitions.

[10] This Court in *Commonwealth v. Beam*, 227 Pa. Superior Ct. 293, 324 A.2d 549 (1974) did not hold that the initial summary prosecution of the disorderly conduct charge barred later prosecution for the assault and resisting arrest charges, however. The case was decided before the effective date of Section 110 of the Crimes Code and therefore had to base any prohibition of later prosecutions on the *Campana* decision which was held to be not retroactive.

concept of a single criminal episode when the sections were drafted.[11] Consequently, we find that the present case involves a single incident or transaction and the prosecution of the charges arising therefrom is governed by Section 110 of the Crimes Code.

The Commonwealth argues that although the appellee in the present case was already tried for one of the charges in municipal court, Section 110 does not represent a bar to prosecution for the remaining charges because the municipal court trial was ordered by the preliminary hearing judge and acquiesced in by the appellee and his counsel. Section 110 provides in part: "[a]lthough a prosecution is for a violation of a different provision of the statutes than a former prosecution or is based on different facts, it is barred by such former prosecution under the following circumstances: (1) The former prosecution resulted in an acquittal or in a conviction . . . and the subsequent prosecution is for . . . (ii) any offense based on the same conduct or arising from the same criminal episode, if such offense was known to the appropriate prosecuting officer at the time of the commencement of the first trial and was within the jurisdiction of a single court unless the court ordered a separate trial of the charge of such offense." The purpose of such a requirement as expressed by the courts of this Commonwealth is to avoid harassment and oppression of the citizen through repeated efforts by the authorities to obtain a conviction, and to protect societal interest against piecemeal litigation which

---

[11] Section 110 of the Crimes Code notes that it is similar to the Model Penal Code §1.09 (Proposed Official Draft 1962). The commentary to this section is found in the Model Penal Code §1.10, comment (Tent. Draft No. 5, 1956). Section 110 of the Crimes Code actually incorporates within its scope the essence of Model Penal Code, §1.07 (Proposed Official Draft 1962). A helpful commentary to this section is found in Model Penal Code §1.08, comment (Tent. Draft No. 5, 1956).

drains judicial and professional resources. *Commonwealth v. Campana,* supra; *Commonwealth v. Beam,* supra.

The Model Penal Code, which contains the draft of the provision that was closely followed in forming Section 110 of our Crimes Code, sought by its formulation of the section to prevent the representatives of the state from bringing successive prosecutions "whether the purpose in so doing is to hedge against the risk of an unsympathetic jury at the first trial, to place a 'hold' upon a person after he has been sentenced to imprisonment or simply to harass by multiplicity of trials."[12] Model Penal Code §1.08, Comment at 34 (Tent. Draft No. 5, 1956). The draftsmen of Section 110 and the corresponding sections of the Model Penal Code were of the belief that the exception to the rule which allows a court to order separate trials is consistent with the safeguard against multiple prosecution afforded by the section. The exception apparently contemplates that the judge might allow separate trials to meet unspecified contingencies or upon the request of either party. By leaving the matter of separate trials to the discretion of the judge the prosecutor is thus precluded from unilaterally deciding whether to proceed in a consolidated suit or in separate trials, to the disadvantage of the defendant. The defendant's position in regard to the determination, his preferences or objections, can be given adequate weight by an impartial judge when raised during the proceedings.

It is apparent that a defendant who is aware of the charges against him can thus waive his statutory right to have them all brought in a single prosecution. If he himself requests separate trials and obtains a court order to that effect, or if he knowingly acquiesces in

---

[12] This language was cited with approval by the Supreme Court in *Commonwealth v. Campana,* 452 Pa. at 248, 304 A.2d at 439.

what appears to be an advantageous separation, he cannot later raise an objection claiming the statutory protection from multiple trials. The intent of the statute to avoid magnifying an incident of criminal behavior out of proportion, both in terms of hardship to the individual and prejudice to his case, is not lost when an informed defendant chooses of his own to go the route of multiple trials.[13]

This conclusion has been reached in other jurisdictions which have adopted statutes similar to Section 110 in an attempt to protect their citizens from oppressive methods of law enforcement. The Supreme Court of Minnesota[14] has found "the protection thus afforded is clearly waivable. . . . As noted, the purpose of this bar is to protect defendants from the harassment of serialized prosecutions. . . . In effect, defendant [here] asked for serialized prosecutions in order to gain immunity from the remaining charge. This is not according to the intent of the statute; it was intended to protect an accused, not to allow him a procedural tool for the entrapment of a cooperative judiciary. While it is undesirable, in the interests of justice, to exaggerate the criminality of a person's conduct by allowing multiple punishment for multiple offenses arising out of the same behavioral incident, it is equally undesirable to allow a diminution of the criminality of the behavior by allowing a fragmentized prosecution at the request of the accused with each offense being tried apart from the context of the total criminal behavior." *State v.*

---

[13] *See Commonwealth v. Jefferson*, 423 Pa. 541, 226 A.2d 765 (1967) ; *Commonwealth v. Howard*, 226 Pa. Superior Ct. 22, 312 A.2d 54 (1973) (a defendant can waive his right to object to an alleged error if for purposes of trial strategy he decides not to raise the question in a timely manner).

[14] Minnesota has enacted such a law. Minn. Stat. §609.035 (1964).

*Johnson,* 273 Minn. 394, 405-406, 141 N.W. 2d 517, 525-526 (1966). In *People v. Hartfield,* 11 Cal. App. 3d 1073, 90 Cal. Rptr. 274 (1970), the California Court of Appeal held that the defendant waived his right to object to multiple trials where he pleaded guilty at a municipal court trial in order to utilize the California Statute prohibiting successive prosecution[15] to gain immunity from charges he knew were pending against him. *See also In Re Hayes,* 70 Cal. 2d 604, 451 P. 2d 430, 75 Cal. Rptr. 790 (1969).

In the present case, the Commonwealth attempted to bring all the separate charges arising from appellee's encounter with the victims in one proceeding. The preliminary hearing judge, upon reducing the aggravated assault to simple assault, unnecessarily separated the lesser charge and sent it to municipal court to be tried alone.[16] The appellee was bound over to the grand jury on the remaining charges. Indictments were handed down on some of the charges before the municipal court trial. Appellee's counsel, aware of the pending charges and the intent of the Commonwealth to bring all the charges to trial, made no attempt to secure for his client the advantages of a single trial. He made no objection to the hearing judge's separation order, even knowing that such a procedure was not required. No motion was made to quash the indictments or consolidate the trials prior to the trial of the minor offense. Rather, appellee and the Assistant District Attorney

---

[15] Cal. Pen. Code §654 (West. 1970).

[16] The Philadelphia Common Pleas Court has unlimited original jurisdiction the same as all other common pleas courts. *Compare* Pa. Const. Sched. art. V §16(o) with Pa. Const. art. V §5(b). See also *Commonwealth v. Campana,* 452 Pa. 233, 254, n.42, 304 A.2d 432, 442, n.42 (1973), where the Supreme Court held that the Philadelphia Common Pleas Court has jurisdiction over both summary and indictable offenses and they may be considered in a single proceeding.

agreed with the proposal of the judge although neither party actually requested the separation. Perhaps counsel saw in the extra trial some advantage for his client, an extra opportunity to be heard and maybe find a more sympathetic forum. Perhaps he merely foresaw an opportunity to gain immunity from the remaining charges by encouraging the separation. In any event, by misleading the hearing judge and the Commonwealth with his silence, and by giving the appearance of consent to the arrangement, the appellee has waived his right to claim harassment by multiple prosecutions. There can be no unjust contravention of the statute intended to protect the accused when a defendant is denied its use as a shield against a prosecution which he himself invited by his own designs. We hold that the protection of the statute does not extend to the appellee who waived his rights under it by consenting to the additional prosecution.

Order reversed with a procedendo.

HOFFMAN, J., concurs in the result.