## Commonwealth v. Longenecker

*Thomas S. Long,* for Commonwealth.
*Robert C. Rowe,* for defendant.

GATES, *P.J.,* July 25, 1977 — This matter is before us on defendant's motion to dismiss pending criminal charges of operating under the influence.

On December 28, 1976, defendant was accused before a district justice of a misdemeanor violation of operating while under the influence of intoxicating liquor. Additionally, he was charged with summary violations of failing to obey traffic signals and of highway littering.

At the conclusion of a hearing held before the district justice on January 18, 1977, the operating under the influence charge was dismissed for lack of evidence. Defendant pleaded guilty to the littering offense and paid a fine and costs. The district justice found defendant not guilty of the traffic signal violation.

Thereafter, on February 4, 1977, the same State Police officer filed a criminal complaint charging defendant with operating under the influence based on the same facts which were before the magistrate at the January 18, 1977, hearing and were dismissed.

Defendant's position is that, based upon section 110 of the Pennsylvania Crimes Code of December 6, 1972, P.L. 1482, sec. 1, 18 P.S. §110, and the second Campana opinion, Commonwealth v.

Campana, 455 Pa. 622, 314 A.2d 854 (1974), the Commonwealth is barred from further proceedings in this case. We agree.

The point often overlooked in section 110 of the Crimes Code and the Campana case is that the object of requiring all offenses to be consolidated in one proceeding is to avoid harassment and oppression of the citizen through repeated efforts by authorities to obtain a conviction and to prevent societal interest against piecemeal litigation which drains judicial and professional resources: Commonwealth v. Green, 232 Pa. Superior Ct. 134, 335 A.2d 493 (1975); Commonwealth v. Beam, 227 Pa. Superior Ct. 293, 324 A.2d 549 (1974).

Thus, the focus of our attention is not directed at the elements of the offenses charged, but the "factual episode" out of which the charges arose.

In this case, the summary charges and misdemeanor violation all arose out of an incident which occurred at the same time on December 20, 1976, at or about 7:15 p.m. It involved defendant operating a motor vehicle in the westbound lane of Interstate Route 78. All of the violations were known to the prosecutor and were filed at the same time. At the preliminary hearing, the Commonwealth had the opportunity of presenting a prima facie case in support of the misdemeanor and to prove its summary violations. It apparently failed to do this. Defendant pleaded guilty to one of the summary incidents involved in the episode and paid the fine and costs. Thus, we conclude that further prosecution of charges arising out of this incident are precluded by section 110 of the Crimes Code and the Campana rationale.

We believe that this result is consonant with the

objectives of the law. It will avoid harassment and oppression. It will have the effect of requiring the government to produce its prima facie case at the preliminary hearing on a misdemeanor charge where summary violations are also connected with the same factual episode. If a prima facie case on the misdemeanor charge is made out, then the district justice proceeds no further on the summary violation but returns the entire bundle to the court for further proceedings as described by the Supreme Court in exercise of its supervisory jurisdiction described in the Campana case.

## ORDER

And now, July 25, 1977, defendant's preliminary objections in the nature of a motion to dismiss are granted and the charges are dismissed. The costs are to be paid by the County of Lebanon.