435 A.2d 620

**COMMONWEALTH of Pennsylvania**

v.

**William LEE, Appellant.**

Superior Court of Pennsylvania.

Submitted Feb. 2, 1981.

Filed Oct. 2, 1981.

Elaine DeMasse, Assistant Public Defender, Philadelphia, for appellant.

Gaele McLaughlin Barthold, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before WICKERSHAM, POPOVICH and WATKINS, JJ.

WICKERSHAM, Judge:

On August 31, 1979, at approximately 11:40 p.m. on the 1500 block of North Woodstock Street in Philadelphia, defendant stabbed Gerald Freeman in the chest and stomach during an argument over five dollars that the victim owed defendant. Freeman's friends then went to his aid while defendant walked up the street to talk with his girlfriend, Queenie Lighty. Approximately twenty minutes later, at 12:20 a.m., September 1, 1979, defendant stabbed Queenie Lighty in the chest.

Defendant was arrested and charged in two sets of Informations, Nos. 792–794 and Nos. 885–887, as of September Sessions, 1979. Bill Nos. 792–794 involved the incident with Mr. Freeman and Nos. 885–887 pertained to the assault on Queenie Lighty; both sets of Informations charged defendant with recklessly endangering another person, possession of an instrument of crime and simple and aggravated assault. Defendant was tried on the charges arising out of the assault on Mr. Freeman before the Honorable Alexander Bonavitacola, sitting without a jury, between December 12

and 13, 1979, and convicted of possession of an instrument of crime (No. 793) and aggravated assault (No. 794).

On January 8, 1980, the Commonwealth was prepared to commence defendant's trial before the Honorable Lisa A. Richette on Information Nos. 885 to 887 involving the stabbing of Queenie Lighty. Defendant, however, moved to dismiss these bills on the grounds that this prosecution is barred by double jeopardy because these charges originated from the same criminal episode for which he was previously tried and convicted. That same day, after a hearing, Judge Richette denied defendant's motion. This appeal followed.[1]

In *Commonwealth v. Bolden*, 472 Pa. 602, 373 A.2d 90 (1977), Justice Roberts said on this subject:

In short, the constitutional prohibition against double jeopardy represents two fundamental and distinct protections: that no person should be harassed by successive prosecutions for a single wrongful act and that no person should be punished more than once for the same offense.

. . . .

A particularly thorny problem in double jeopardy law is deciding when a second prosecution involves the 'same offense' as a prior prosecution. In *Ashe v. Swenson*, 397 U.S. 436, 90 S.Ct. 1189, 25 L.Ed.2d 469 (1970), the defendant had been acquitted of robbing one of six men who were engaged in a poker game. The Court held that the double jeopardy clause mandated application of the rule of collateral estoppel. The Court applied collateral estoppel in *Ashe* to hold that the second prosecution violated the fourteenth amendment. Three Justices would have gone further and held the double jeopardy clause requires that a prosecutor, except in limited circumstances, join at one

1. Appellant, William Lee, presents the statement of questions as follows:
    1. Should not appellant's case have been dismissed because appellant had been tried and convicted previously in the Court of Common Pleas on charges arising from the same criminal episode?
    2. Does appellant's prior conviction for possession of instrument of crime bar reprosecution on the same charge when the possession was continuous and uninterrupted?

trial all the charges against a defendant that grow out of a single criminal act, occurrence, episode or transaction. 397 U.S. at 453–54, 90 S.Ct. at 1199 (Brennan, J., concurring, joined by Douglas, J. and Marshall, J.).

*Id.,* 472 Pa. at 618, 622–23, 373 A.2d at 97–98, 99–100 (citations omitted).

The thrust of appellant's argument is that the prosecution on bills 885–887 should be dismissed for the reason that those charges arose out of the "same criminal episode" as the charges on which appellant had already been convicted. Lee relies on *Commonwealth v. Campana,* 452 Pa. 233, 304 A.2d 432 (1973), *vacated and remanded,* 414 U.S. 808, 94 S.Ct. 73, 38 L.Ed.2d 44 (1973), *on remand,* 455 Pa. 622, 314 A.2d 854 *cert. denied,* 417 U.S. 969, 94 S.Ct. 3172, 41 L.Ed.2d 1139 (1974) and *Commonwealth v. Green,* 232 Pa.Super. 134, 335 A.2d 493 (1975). Lee argues that the second assault occurred a few minutes later than and a short distance away from the first assault and, therefore, this constitutes a single criminal episode even though the second victim was not directly involved in the initial argument between the appellant and the first victim. Lee argues that since he had a plan to assault a number of people that night, each assault was part of the same criminal episode.

The Commonwealth is required to consolidate all known charges against a defendant into a single prosecution only when the offenses are based on the same conduct or arose from the same criminal episode. *See* 18 Pa.C.S. § 110(1)(ii); *see also Commonwealth v. Miller,* 278 Pa.Super. 103, 419 A.2d 1378 (1980). This concept of criminal episode was defined in *Green* as "an occurrence or connected series of occurrences and developments which may be viewed as distinctive and apart although part of a larger or more comprehensive series." *Commonwealth v. Green, supra,* 232 Pa.Super. at 139, 335 A.2d at 495 (citation omitted).

Clearly, the events that occurred here are most properly viewed as two separate episodes. There was as much as forty minutes between the two stabbings. Gerald Freeman stated to the police that he was stabbed by defendant at

11:40 p. m., Brief for Appellant, Exhibit "A". Queenie Lighty stated to the police that she was stabbed at 12:20 a. m., Brief for Appellant at Exhibit "A". Defendant's claim that the second stabbing occurred just a few minutes after the first, Brief for Appellant at 18, is erroneous. Moreover, and most importantly, this was not a continuous incident. These were clearly separate quarrels. After stabbing Freeman defendant walked up the street and sat with his girlfriend, Queenie Lighty, who had just come out on the steps in front of her house. There was a clear break in the criminal activity of defendant. He spoke with Lighty for approximately twenty minutes before stabbing her in the chest. Thus, defendant's reliance upon *Commonwealth v. Green, supra,* is misplaced. In *Green,* the various assaults there were considered a single criminal episode only because they were committed during what was recognizedly a single brawl.

Defendant characterizes these two separate and unrelated stabbings as part of a larger scheme of events, i. e. "it was 'Grudge Night' on N. Woodstock street," Brief for appellant at 7, in an attempt to establish that they were part of a comprehensive series, and thus, one episode. Defendant relies solely on the statement allegedly made by defendant before stabbing Queenie Lighty that he "had two more people to stab" to support this claim. However, two different criminal acts do not become one episode simply because they occur on the same night. Nothing connects the two victims. Different motives were involved; Freeman was stabbed over a debt, Lighty because of a lovers' quarrel. Nor was there any logical connection between both victims and defendant.

The other contention raised by defendant relates solely to the charge of possession of an instrument of crime. Defendant claims that the present charge requires proof of the same facts for which he was previously convicted of the same charge at Freeman's trial because his possession of the knife was continuous and uninterrupted. It is clear from the record, however, that two knives were possessed by

defendant. Brief for Appellant, Exhibit "A". Consequently, since this charge involves neither the same conduct nor the same criminal episode, defendant's claim is meritless.

In conclusion, the motion court's finding that the present charges did not arise from the same criminal episode as the Freeman stabbing is adequately supported by the record and, thus, defendant is not entitled to the extreme relief of discharge.

The order denying defendant's application to dismiss is affirmed.