449 A.2d 570

**COMMONWEALTH of Pennsylvania**

v.

**Ernest DICKERSON, Appellant.**

Superior Court of Pennsylvania.

Argued Sept. 1, 1981.

Filed April 23, 1982.

Reargument Denied Sept. 17, 1982.

Petition for Allowance of Appeal
Denied Dec. 3, 1982.

Terrence P. Cavanaugh, Erie, for appellant.

Timothy J. Lucas, Assistant District Attorney, Erie, for Commonwealth, appellee.

Before WICKERSHAM, WIEAND and BECK, JJ.

BECK, Judge:

This is an appeal from an order of the court below dismissing appellant's Motion to Quash the Indictment. Appellant premised his Motion to Quash upon a double jeopardy claim.

There are two charges of the Pennsylvania Vehicle Code, Title 75, involved in this appeal: 75 Pa.C.S.A. § 3731(a)(1) (driving under the influence of alcohol) and 75 Pa.C.S.A. § 3714 (reckless driving). Both charges arose from the same incident where appellant's vehicle struck a parked car. The criminal complaint for Section 3714 was issued at the time of the incident; Section 3731 was charged the following day.

Appellant was permitted to plead guilty to Section 3714, and he asserts that such a conviction bars subsequent prosecution under Section 3731. He premises his argument upon 18 Pa.C.S.A. § 110 which states in relevant part:

Although a prosecution is for a violation of a different provision of the statutes than a former prosecution or is based on different facts, it is barred by such former prosecution under the following circumstances:

(1) The former prosecution resulted in an acquittal or in a conviction as defined in section 109 of this title . . . and the subsequent prosecution is for:

. . . .

(ii) any offense based on the same conduct or arising from the same criminal episode, if such offense was known to the appropriate prosecuting officer at the time of the commencement of the first trial and within the jurisdiction of a single court unless the court ordered a separate trial of the charge of such offense. . . .

In evaluating appellant's case in the context of the above provisions, it should first be noted that under 18 Pa.C.S.A. § 109, a plea of guilty is a conviction. It is also clear that both charges resulted from the same episode. Both charges were likewise within the jurisdiction of the same court.

The central question to be asked, though, is whether by pleading guilty to the reckless driving charge, appellant acquiesced in the separation of the two charges. The cases relied upon by the Commonwealth involve situations where defendants either stood by while charges were severed or, indeed, requested such separation.

In *Commonwealth v. Bartley*, 262 Pa.Super. 390, 396 A.2d 810 (1979), defendant was responsible for the separation of charges by pleading guilty to one and waiving other charges into the Court of Common Pleas for jury trial. In *Commonwealth v. Green*, 232 Pa.Super. 134, 335 A.2d 493 (1975), the hearing judge separated the charges for different trials.

Counsel did not object to the division of charges; rather, he agreed to that separation.

In those cases, this Court correctly held that defendant had waived his right to claim a violation of 18 Pa.C.S.A. § 110 because he acquiesced in the severance of charges for purposes of trial. In this case, the charges were not separated for purposes of trial. Instead, appellant was allowed to plead guilty to one of them. He consequently did not forego his right to argue under that provision that it was error not to try both charges together.

The Commonwealth claims here that appellant waived his claim to a Section 110 violation because he did not request a consolidation of the charges against him. That claim is also meritless. It is clear under Pennsylvania law that defendant is not required to move to consolidate in order to preserve his double jeopardy contention. That remains the Commonwealth's burden. *Commonwealth v. Holmes*, 480 Pa. 535, 391 A.2d 1015 (1978).

The Commonwealth claims finally that under 18 Pa.C. S.A. 110(1)(iii)(A), a second prosecution will not be barred where:

the offense of which the defendant was formerly convicted or acquitted and the offense for which he is subsequently prosecuted each requires proof of a fact not required by the other and the law defining each of such offenses is intended to prevent a substantially different harm or evil.

It is true, as the Commonwealth contends, that driving under the influence requires proof of facts not required by reckless driving. We find, however, that to prove reckless driving one need allege no new facts. The statute specifically requires that "each requires proof of a fact not required by the other." That is not the case here.

The Commonwealth's bald assertion that the evils addressed by each statute are dissimilar is plainly incorrect. Both provisions are aimed at drivers operating their vehicles

in unsafe fashion, and both seek to obviate death or maiming on our highways.

We reverse the order of the court below and quash the indictment charging appellant with driving under the influence of alcohol.

WIEAND, J., files a concurring opinion.

WICKERSHAM, J., files a dissenting statement.

WIEAND, Judge, concurring:

I concur in the result achieved by the lead opinion. I concur, however, because of the facts of the instant case and do not intend to suggest thereby that an accused can avoid prosecution for a more serious offense by the expedient of entering a plea of guilty to a lesser offense.

Section 110 of the Crimes Code, 18 Pa.C.S.A. § 110, was intended "to avoid harassment and oppression of citizens through repeated efforts of the authorities to obtain a conviction and to protect society's interest in avoiding piecemeal, criminal litigation which drains judicial and professional resources." *Commonwealth v. Breitegan*, 276 Pa.Superior Ct. 181, 187, 419 A.2d 155, 158 (1980). See also: *Commonwealth v. Thornton*, 247 Pa.Superior Ct. 94, 97–98, 371 A.2d 1343, 1345 (1977); *Commonwealth v. Green*, 232 Pa.Superior Ct. 134, 141–142, 335 A.2d 493, 496 (1975). This section was not intended to afford a defendant with a procedural expedient to avoid a prosecution. *Commonwealth v. Bartley*, 262 Pa.Superior Ct. 390, 396, 396 A.2d 810, 813 (1979).

In the instant case, Ernest Dickerson, the appellant, was involved in a traffic accident on January 12, 1980. The investigating police officer made out and delivered to appellant a citation for reckless driving, a summary offense. The issuing authority listed on the citation was "Traffic Court City of Erie." On the following day, January 13, 1980, the

same police officer appeared before a magistrate in the City of Erie and signed a complaint alleging that appellant had violated section 3731(a)(1) of the Vehicle Code [75 Pa.C.S.A. § 3731(a)(1) ], by driving while under the influence of intoxicating liquor. Pursuant to this complaint a summons was issued and served by certified mail on January 17, 1980. On January 25, 1980, appellant went to the Traffic Court office in the Erie Municipal Building and entered a plea of guilty to reckless driving by paying the fine and all costs. When he subsequently appeared before the magistrate for preliminary hearing on the misdemeanor charge, he moved to dismiss the charge under Section 110 of the Crimes Code.

The Commonwealth concedes, as it must, that both criminal charges arose from the same episode. By commencing separate charges before different issuing authorities, the police violated the intent of Section 110 by indulging in piecemeal, criminal litigation. Appellant, who had no duty to move to consolidate, was thus in a position in which he was compelled to defend separate charges before separate tribunals, even though there had been only one episode. By entering a plea of guilty to the charge pending in traffic court, he was responding properly to the citation and summary proceedings there pending. It cannot be said that appellant thereby waived the benefit of Section 110 of the Crimes Code or improperly took advantage of it to avoid prosecution for driving while under the influence of intoxicating liquor.

Accordingly, I am constrained to agree that the trial court's order must be reversed and the information dismissed.

WICKERSHAM, Judge, dissenting:

I dissent.

*Commonwealth v. Carelli*, 291 Pa.Super. 502, 436 A.2d 228 (1981).