## Commonwealth v. Hill

494

*Raymond F. McHugh*, for the Commonwealth.
*Denis W. Lanctot*, for defendant.

KELTON, *J.*, November 22, 1982—In this action brought under criminal information number 0919/82, defendant Robert Hill and two other persons Robert Griner and Nicholas Saranzak were tried by a jury on May 5, 1982 for a variety of charges which arose out of the physical beating of a drug informant. The charges against defendant Hill included two counts of simple assault, two counts of aggravated assault, one of which was that Hill intentionally caused bodily injury to the informant with a deadly weapon, i.e., metal knuckles, a count of reckless endangerment by the use of the metal knuckles, two counts of intimidation of a witness and a number of conspiracy counts.

At the conclusion of the trial the jury found defendant guilty of simple assault only under 18 Pa.C.S.A. §2701.

In his post trial motion in arrest of judgment, defendant Hill raises only one question. That issue herein is whether or not the Commonwealth was barred under the provisions of Section 110 of the

Crimes Code, 18 Pa.C.S.A. §110(1)(ii) from trying Hill at the May 5, 1982 trial (Criminal Action 0919/82) by reason of Hill's entry of a guilty plea on February 24, 1982 (in criminal action 4518/81) to a charge under Section 2027 of the Crimes Code of the possession of the same knuckles as a prohibited offensive weapon a little more than one hour after the assault events charged in number 0919/82.

Section 110 provides in relevant part as follows:

"Although a prosecution is for a violation of a different provision of the statutes than a former prosecution or is based on different facts, it is barred by such former prosecutions under the following circumstances: (1) The former prosecution resulted in . . . conviction . . . and the subsequent prosecution is for:

(ii) any offense *based on the same conduct or arising from the same criminal episode*, if such offense was known to the appropriate prosecuting officer at the time of the commencement of the first trial and was within the jurisdiction of a single court unless the court ordered a separate trial of the charge of such offense . . ." (Emphasis supplied.)

After careful review of the records of the two prosecutions we are satisfied that Hill's assault trial and conviction under 0919/82 were not barred by his prior conviction resulting from his weapon possession guilty plea and we therefore deny his motion in arrest of judgment.

The background of the two prosecutions is as follows. On October 30, 1981, Officer Daniel Lenihan of the Bristol Township police department filed a complaint against Hill under Section 908 of the Crimes Code. In that complaint he charged that on or about October 30, 1981 at approximately 3:20 am Hill was in possession of a pair of knuckles

which were concealed on his person and located by the officer during his lawful arrest under other charges not relevant herein. The location of the offense was described as at Diamond Billiards on Route 13, Bristol, Pa. The weapon possession charge was brought to trial in the normal course and resulted in Hill's guilty plea on February 24, 1982 at which time the Honorable Kenneth G. Biehn of this court directed that Hill be placed on probation for a period of one year consecutive to any sentences then being served.

The assault charges under 0919/82 were set forth in the complaint filed on November 9, 1981 by Officer Andrew Amoroso of the Bristol Township police department. Amoroso's complaint averred that on October 30, 1981 at Diamond Billiards, Route 13, Bristol Township, Bucks County, Hill and other defendants kicked and beat the informant with brass knuckles. Although no specific time was averred in the complaint, the testimony at the trial both by the victim and by defendant established that the beating incident occurred at approximately 2:00 am. Officer Lenihan testified at the assault trial that in the process of executing a prior drug charge warrant for Hill's arrest at 3:10 am on October 30, 1981, he gave Hill a pat down and found a pair of metal knuckles in his sweat shirt pocket. The metal knuckles which were taken from Hill in the pat down and which furnished the basis for the charges under 4518/81 were the same knuckles which furnished the basis for the aggravated assault charges in 0919/82. At the assault trial, Hill denied that he used the knuckles in striking the informant but admitted that he struck him with his fists. The jury found Hill guilty of simple assault only.

Lenihan testified at the assault trial that after arresting Hill he placed the knuckles in the Bristol

Township police department evidence locker. The inference is clear and we so find that at the time of Hill's guilty plea on February 24, 1982 to the weapon possession under 4518/81, Officer Lenihan the prosecuting officer therein had knowledge of the assault charges described in Officer Amoroso's complaint filed on November 9, 1981 (under 0919/82). Thus, if the two offenses were in fact based on the same conduct or arose from the same criminal episode, Section 110(i)(ii) would bar the second prosecution.

We find, however, that although the two events were approximately one hour and ten minutes apart, they were in fact separate episodes. In Com. v. Lee, 291 Pa. Super. 164, 435 A. 2d 620 (1981), the facts were somewhat similar. There defendant was convicted of possession of an instrument of crime plus aggravated assault upon one Gerald Freeman. The assault occurred at approximately 11:40 pm. Thereafter he was brought to trial on charges of reckless endangerment, possession of an instrument of crime and simple and aggravated assault on his girl friend one Queenie Lighty at about 12:20 am, 40 minutes later. In Lee, defendant was found to be in possession of two knives. Judge Richette held that because the events charged in the two different informations arose out of separate episodes, the second prosecution was not barred. Upon appeal her decision was affirmed by the Superior Court.

We believe that the instant case, although factually distinguishable in some minor respects, is controlled by Lee rather than by cases such as Com. v. Green, 232 Pa. Superior Ct. 134, 335 A. 2d 493 (1975) (simultaneous assault on three persons; section 110 waived by defense counsel); Com. v. Campana, 452 Pa. 233, 304 A. 2d 432 (1973), vacated and remanded, 414 U.S. 808 (1973), on remand,

455 Pa. 622, 314 A. 2d 854 cert. denied, 417 U.S. 969 (1974) (multiple summary and misdemeanor charges arising out of the same fights and brawls; Com. v. Dickerson, 498 Pa. Super. Ct. 545, 449 A. 2d 570 (1982) (driving under influence and reckless driving resulting in single accident; held "same episode"; Weiand, J. concurring in result only and Wickersham, J. dissenting as to waiver issue); and Com. v. Carelli, 291 Pa. Super. Ct. 502, 436 A. 2d 228 (1981) (continuous high speed chase in different townships; section 110 waived).

As stated in Campana, 452 Pa. at 248, the definition of "episode" is derived from section 1.08 of the Model Penal Code and from the ABA Minimum Standards of Criminal Justice relating to Joinder and Severance §1.3 where the term is defined as "an occurrence or *connected series of occurrences and developments* which may be viewed as distinctive and apart although part of a larger or more comprehensive series." In our view the subsequent possession of the metal knuckles was disconnected from the beating incident outside the pool hall. Hill testified that at the time of the beating, the knuckles were in the pocket of his coat which was inside the pool hall. The jury, by its verdict, accepted Hill's own version of the incident.

Accordingly, we find that the offenses in the two cases were not a connected series and enter the following

## ORDER

And now, November 22, 1982, defendant's motion in arrest of judgment is denied and he is directed to appear for sentencing.