455 A.2d 1224

**COMMONWEALTH of Pennsylvania**

v.

**William CORONETT, Appellant.**

Superior Court of Pennsylvania.

Submitted Dec. 7, 1981.

Filed Jan. 21, 1983.

Petition for Allowance of Appeal
Denied June 3, 1983.

Theodore Simon, Philadelphia, for appellant.

Garold E. Tennis, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before SPAETH, MONTGOMERY and LIPEZ, JJ.

LIPEZ, Judge:

In a trial without a jury, William Coronett was convicted of simple assault, 18 Pa.C.S. § 2701, and was sentenced to two years' probation. He appeals from the judgment of sentence, arguing: 1) that the prosecution for simple assault and other indictable offenses was barred due to the former prosecution of traffic violations arising out of the same incident; and 2) that the Commonwealth's evidence was insufficient to prove beyond a reasonable doubt that he was not acting in self-defense. We affirm.

The incident giving rise to the charges in this case occurred on July 4, 1978, in Philadelphia. Appellant was driving east on Market Street in heavy Independence Day traffic. When he reached the corner of Third and Market Streets, Philadelphia Police Officer Patrick Cubbage, who was directing traffic at that intersection, indicated that all traffic should make a left turn to proceed north on Third Street. Appellant, however, wished to stay on Market Street and disregarded Officer Cubbage's directions, continuing to drive east through the intersection. Cubbage motioned to Officer Harold Bias, stationed at the next corner, to stop appellant's car. Bias did so, and told appellant that Cubbage wanted to speak to him. Appellant began to back up at a high rate of speed to return to where Cubbage was standing. Cubbage, believing that appellant was trying to hit him with the car, drew his gun and ordered him to stop. Appellant did so, but as Cubbage was returning his gun to its holster, he got out of the car and struck Cubbage in the face with his open hand. The two police officers then subdued and arrested appellant.

On July 4, Cubbage issued citations to appellant for three Motor Vehicle Code violations (hereinafter referred to as "traffic offenses"): failure to obey an officer's signals, reckless driving, and driving without a license. He also filed a criminal complaint on that date, charging appellant with attempted murder, aggravated assault, simple assault, recklessly endangering another person, and resisting arrest (hereinafter referred to as "indictable offenses"). Authorization to issue process pursuant to the complaint was given on July 5, 1978.

After a preliminary hearing on August 21, 1978, defendant was held for trial in common pleas court on the indictable offenses. The traffic offenses were tried separately on August 23, 1978, in Philadelphia Traffic Court, and appellant was found guilty only on the charge of failing to obey an officer's signal. On October 5, 1978, appellant moved to dismiss the criminal informations on the indictable offenses, contending that their prosecution was barred by

the prior trial of the traffic offenses. This motion was denied, and the case proceeded to trial, resulting in the conviction and judgment of sentence now before us for review.

■ Appellant's first argument is that the lower court erred in denying his motion to dismiss the informations on the indictable offenses. He contends that the prosecution of these offenses was barred under the compulsory joinder principles of section 110 of the Crimes Code [1] and the decisions of the Pennsylvania Supreme Court in *Commonwealth v. Campana* [2] because he had previously been convicted of traffic offenses arising from the same criminal episode. We must disagree. We conclude that although the prosecution of the traffic offenses was prior to that of the indictable offenses [3], resulted in a conviction, and arose

1. 18 Pa.C.S. § 110 provides in pertinent part:
   Although a prosecution is for violation of a different provision of the statutes than a former prosecution or is based on different facts, it is barred by such former prosecution under the following circumstances:
   (1) The former prosecution resulted in an acquittal or in a conviction ... and the subsequent prosecution is for:
   (ii) any offense based on the same conduct or arising from the same criminal episode, if such offense was known to the appropriate prosecuting officer at the time of the commencement of the first trial and was within the jurisdiction of a single court. ...

2. 452 Pa. 233, 304 A.2d 432, *vacated and remanded for clarification,* 414 U.S. 803, 94 S.Ct. 73, 38 L.Ed.2d 44 (1973) (Campana I), *on remand, Commonwealth v. Campana,* 455 Pa. 622, 314 A.2d 854, *cert. denied,* 417 U.S. 969, 94 S.Ct. 3172, 41 L.Ed.2d 1139 (1974) (Campana II). Appellant asks us to consider his claim in light of both section 110 and the Pennsylvania Supreme Court's opinion in *Campana I.* In *Campana II,* however, the court explicitly found its holding in that case to be "entirely in harmony" with section 110, which had been enacted in the period between the two *Campana* decisions. *Id.* 455 Pa. at 626, 314 A.2d at 856. Hence this court has held that where compulsory joinder issues are presented, a consideration of section 110 will suffice to address the essentially coextensive requirements of *Campana. See Commonwealth v. Green,* 232 Pa.Super.Ct. 134, 139, 335 A.2d 493, 495 (1975). We will therefore examine appellant's claims only in light of section 110.

3. The Commonwealth argues that the prosecution of the traffic offenses was not truly prior to that of the indictable offenses because the criminal complaint was filed on the same day that the traffic

out of the same criminal episode [4], section 110 did not bar the subsequent prosecution of the indictable offenses because all the charges were not within the jurisdiction of a single court.

In *Commonwealth v. Masterson*, 275 Pa.Super.Ct. 166, 418 A.2d 664 (1980), this court considered the interplay of section 110 and the jurisdictional scheme of the Philadelphia court system in a case where summary traffic charges and misdemeanor charges were brought against a defendant as a result of a single criminal episode. After a careful examination of the jurisdictional provisions of the Schedule to Article V of the Pennsylvania Constitution [5] and the Traffic Court Act of Philadelphia [6], the *Masterson* panel concluded that no one court in Philadelphia had jurisdiction over both classes of crimes.

citations were issued. Authorization to issue a warrant or summons based on the complaint was not given until the following day, however. The Crimes Code provides that a prosecution commences either when an indictment is found or when a warrant or summons is issued. 18 Pa.C.S. § 108(e). It is thus clear that the prosecution of the traffic offenses in fact began one day before that of the indictable offenses. *See Commonwealth v. Erisman*, 247 Pa.Super.Ct. 476, 372 A.2d 925 (1977).

4. In *Campana I*, the Supreme Court quotes with approval the definition of an "episode" set out in the commentary to Section 1.3(a) of the ABA Standards Relating to Joinder and Severance: "an occurrence or connected series of occurrences and developments which may be viewed as distinctive and apart although part of a larger or more comprehensive series." *Id.* 452 Pa. at 248, 304 A.2d at 439. The *Campana I* court also approves a "same transaction" or "same set of operative facts" standard for determining when multiple offenses are sufficiently related to fall within the compulsory joinder rule. Under any of these standards, the traffic offenses and indictable offenses in this case arose out of the same criminal episode.

5. Superseded and suspended by section 26(a) of Act 1976, July 9, P.L. 586 No. 142, the Judiciary Act of 1976, generally effective June 27, 1978.

6. 17 P.S. § 712.1 *et seq.*, repealed by section 2(a) of Act 1978, April 28, P.L. 202, No. 53, effective June 27, 1978. Replaced by 42 Pa.C.S. § 1302, Act 1976, July 9, P.L. 586, No. 142, § 2, effective June 27, 1978, as amended 1978, April 28, P.L. 202, No. 53 § 10(15), effective June 27, 1978.

Although our decision in this case is governed by the Judicial Code, relevant provisions of which went into effect on June 27, 1978 [7], rather than the constitutional and statutory provisions considered in *Masterson,* the Judicial Code effected no change in the jurisdiction of Philadelphia courts which would warrant a departure from the precedent established in *Masterson.* Appellant claims that all the charges against him could have been brought in a single proceeding in common pleas court. However, the applicable jurisdictional statutes contradict this assertion. Common pleas courts have unlimited original jurisdiction of all actions and proceedings *except where exclusive original jurisdiction of an action or proceeding is vested in another court.* 42 Pa.C.S. § 931. With regard to traffic offenses, original jurisdiction is vested in traffic courts where they exist and this jurisdiction is exclusive of the courts of common pleas. 42 Pa.C.S. § 1302. The language of the Judicial Code thus unequivocally supports the *Masterson* holding, and our decision here is controlled by that holding.

Appellant's contention that this result is contrary to language in the Supreme Court's *Campana I* decision is meritless. Although the court in *Campana I* found it "clear that both summary offenses and indictable offenses may be considered at a single common pleas proceeding," *id.* 452 Pa. at 253, 304 A.2d at 441, the summary offenses dealt with in that case were not traffic offenses. Non-traffic summary offenses are within the jurisdiction of the Municipal Court of Philadelphia, whose jurisdiction is concurrent with that of the courts of common pleas in such matters. 42 Pa.C.S. § 1123(b). The situation addressed in *Campana* is thus clearly distinguishable from that presented here, where exclusive jurisdiction of the summary traffic offenses is vested in a separate court.

It should also be noted that the setting of this case within the framework of the Philadelphia court system distin-

7. Since the incident which gave rise to this case occurred on July 4, 1978, after the repeal of the Traffic Court Act and the effective date of the Judicial Code, appellant's claim that the Traffic Court Act should be applied is without merit.

guishes it from recent decisions of this court holding that disposition of traffic offenses could bar the subsequent prosecution of indictable offenses. Both *Commonwealth v. Corish,* 306 Pa.Super.Ct. 70, 452 A.2d 7 (1982) and *Commonwealth v. Breitegan,* 276 Pa.Super.Ct. 181, 419 A.2d 155 (1980) involved proceedings in jurisdictions without separate traffic courts. The problems of exclusive jurisdiction vested outside the court of common pleas were thus not involved in those cases.[8]

We conclude that the precedent established in *Masterson* is applicable to this case and is in harmony with other decisions of this court interpreting section 110 of the crimes code. We therefore hold that the prosecution of misdemeanor charges against appellant was not barred by the prior adjudication of traffic charges against him because no single court had jurisdiction over both types of offenses.

Appellant's second contention is that the Commonwealth's evidence was insufficient to prove that his actions were not in self-defense. In assessing this claim, we must view the evidence in the light most favorable to the Commonwealth as verdict winner. *Commonwealth v. Tate,* 485 Pa. 180, 401 A.2d 353 (1979). The conviction must be upheld if, accepting as true all the evidence which could properly have been the basis for the verdict, the finder of fact could reasonably find that appellant's claim of self-defense had been disproved beyond a reasonable doubt. *Commonwealth v. Hinchcliffe,* 479 Pa. 551, 388 A.2d 1068, *cert. denied,* 439 U.S. 989, 99 S.Ct. 588, 58 L.Ed.2d 663 (1978); *Commonwealth v. Cheatham,* 429 Pa. 198, 239 A.2d 293 (1968).

The Commonwealth's evidence indicates that appellant had been stopped by a uniformed police officer after

---

8. Although in *Commonwealth v. Dickerson,* 303 Pa.Super.Ct. 46, 449 A.2d 570 (1982), the offenses occurred and were tried in a jurisdiction that did have a separate traffic court, the panel of this court did not address the issue of whether all the offenses were within the jurisdiction of a single court. It is apparent that in *Dickerson* this issue was not raised. Where it *is* raised, *Masterson* remains the controlling law.

violating traffic directions given by Officer Cubbage, who was also in uniform. Although Cubbage had at one point drawn his revolver, he was in the process of returning it to the holster when appellant got out of the car and struck him. A fact finder could reasonably conclude that any threat of force had ceased by the time appellant acted and thus that his use of force was not immediately necessary for self-protection. *See* 18 Pa.C.S. § 505(a). Moreover, the fact that appellant's actions were directed towards a uniformed police officer greatly diminishes any possible justification for them. The applicable statute makes the use of force in self-defense permissible only against *unlawful* force, 18 Pa.C.S. § 505(a), and explicitly provides that the use of force to resist an arrest, even an unlawful one, is not justified, 18 Pa.C.S. § 505(b)(1)(i). We therefore conclude that the evidence adduced by the Commonwealth was sufficient to prove beyond a reasonable doubt that appellant's actions were not excused as being in self-defense.

Judgment of sentence affirmed.