J-A20004-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| JEFFERY LLOYD ROHRBAUGH | : | |
| | : | |
| Appellant | : | No. 1683 MDA 2016 |

Appeal from the Order Entered September 19, 2016
In the Court of Common Pleas of York County
Criminal Division at No(s): CP-67-CR-0000422-2015

BEFORE: GANTMAN, P.J., PANELLA, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY GANTMAN, P.J.: **FILED OCTOBER 13, 2017**

Appellant, Jeffery Lloyd Rohrbaugh,[1] appeals from the order entered in the York County Court of Common Pleas, which denied his pre-trial motion to dismiss pursuant to 18 Pa.C.S.A. § 110. We affirm.

In its opinion, the trial court fully and correctly sets forth the relevant facts and procedural history of this case. Therefore, we have no reason to restate them.

Appellant raises the following issue for our review:

> WHETHER THE TRIAL COURT ERRED IN DENYING
> APPELLANT'S MOTION TO DISMISS WHEN IT FOUND THAT
> THE FORMER OFFENSE AND THE CURRENT OFFENSE WERE
> NOT BASED ON THE SAME CRIMINAL CONDUCT OR DID

---

[1] Appellant's first name is spelled variously throughout the certified record as both "Jeffery" and "Jeffrey."

NOT ARISE FROM THE SAME CRIMINAL EPISODE FOR THE PURPOSES OF DISMISSAL UNDER [18 PA.C.S.A § 110]?

(Appellant's Brief at 4).

A claim regarding compulsory joinder pursuant to 18 Pa.C.S.A. § 110, although interlocutory, is immediately appealable. ***Commonwealth v. Barber***, 940 A.2d 369, 376 (Pa.Super. 2007), *appeal denied*, 599 Pa. 686, 960 A.2d 835 (2008). This type of claim raises a question of law, thus, our scope of review is plenary and our standard of review is *de novo*. ***Id.***; ***Commonwealth v. Vargas***, 947 A.2d 777 (Pa.Super. 2008).

Section 110 of the Pennsylvania Crimes Code provides, in relevant part:

> **§ 110. When prosecution barred by former prosecution for different offense**
>
> Although a prosecution is for a violation of a different provision of the statutes than a former prosecution or is based on different facts, it is barred by such former prosecution under the following circumstances:
>
> **(1)** The former prosecution resulted in an acquittal or in a conviction as defined in section 109 of this title (relating to when prosecution barred by former prosecution for the same offense) and the subsequent prosecution is for:
>
> > **(i)** any offense of which the defendant could have been convicted on the first prosecution;
> >
> > **(ii)** any offense based on the same conduct or arising from the same criminal episode, if such offense was known to the appropriate prosecuting officer at the time of the commencement of the first trial and was within the same judicial district as the former prosecution unless the court

ordered a separate trial of the charge of such offense; or

**(iii)** the same conduct, unless:

**(A)** the offense of which the defendant was formerly convicted or acquitted and the offense for which he is subsequently prosecuted each requires proof of a fact not required by the other and the law defining each of such offenses is intended to prevent a substantially different harm or evil; or

**(B)** the second offense was not consummated when the former trial began.

18 Pa.C.S.A. § 110. Section 110(1)(ii) contains four requirements that would preclude a subsequent prosecution based upon a prior prosecution:

(1) the former prosecution must have resulted in an acquittal or conviction;

(2) the current prosecution is based upon the same criminal conduct or arose from the same criminal episode as the former prosecution;

(3) the prosecutor was aware of the instant charges before the commencement of the trial on the former charges; and

(4) the current offense occurred within the same judicial district as the former prosecution.

*Commonwealth v. Fithian*, 599 Pa. 180, 191, 961 A.2d 66, 72 (2008).

"Each prong of this test must be met for compulsory joinder to apply." *Id.*

The determination of a single criminal episode must not be approached in a rigid or hypertechnical manner. *Commonwealth v. Miskovitch*, 64 A.3d 672 (Pa.Super. 2013), *appeal denied*, 621 Pa. 702, 78 A.3d 1090 (2013). Rather:

[W]e consider (1) the temporal relationship between the acts in question and (2) the logical relationship between the acts. In determining whether a number of offenses are "logically related" to one another, a court should inquire into whether there is a substantial duplication of factual and/or legal issues presented by the offenses; if there is substantial duplication, then the offenses are logically related and must be prosecuted at one trial.

*Id.* at 686.

After a thorough review of the record, the briefs of the parties, the applicable law, and the well-reasoned opinion of the Honorable Richard K. Renn, we conclude Appellant's issue merits no relief. The trial court opinion comprehensively discusses and properly disposes of the question presented. (*See* Trial Court Opinion, filed February 14, 2017, at 2-5) (finding: offenses at issue were neither based on "same criminal conduct" nor arose from "same criminal episode"; Appellant committed offenses at different locations on different dates, and different witnesses would be required for prosecution of each offense; no logical relationship exists between facts of each incident; there was "clear break" between offenses; Appellant is sole common thread between two criminal incidents; Appellant's acts do not constitute part of same criminal episode, therefore, Appellant's issue is meritless). Accordingly, we affirm on the basis of the trial court opinion.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 10/13/2017

# IN THE COURT OF COMMON PLEAS OF YORK COUNTY, PENNSYLVANIA
## CRIMINAL DIVISION

Commonwealth of Pennsylvania      :      CP-67-CR-0000422-2015

            :

vs.            :

            :

Jeffery L. Rohrbaugh         :

## OPINION PRUSUANT TO RULE 1925(a) OF THE PENNSYLVANIA RULES OF APPELLATE PROCEDURE

This matter is before the Court on the Appellant, Jeffery Rohrbaugh's motion to dismiss on grounds, generally, of double jeopardy, filed on September 14, 2016. We denied the motion on September 19, 2016. On October 11, 2016, the Appellant filed a timely notice of appeal to the Superior Court. We directed him to file his 1925(b) statement, which he did on November 3, 2016. Pursuant to Rule 1925(a) of Pennsylvania Rules of Appellate Procedure, the following is our opinion addressing the merits of Appellant's argument on appeal.

Factual and Procedural History:

In this case, the Appellant was charged with one count of Sale of Firearms[1], and one count of Unsworn Falsification to Authorities[2] for offenses committed on or about August 3, 2014. He was charged with the same offenses, committed on a different date—August 9, 2014, in case CP-67-CR-0005388-2015 (former case). On September 13, 2016, following a jury

---

[1] 18 Pa.C.S. §6111(g)(4)(II).
[2] 18 Pa.C.S. §4904(a)(1).

1

trial in the former case, he was found not guilty of Sale of Firearms and guilty of Unsworn Falsification. (Motion to Dismiss, ¶6.)

The charges in the instant case concern an incident at a Wal-Mart on August 3, 2014, whereas the charges in the former case concern an incident at a Dick's Sporting Goods on August 9, 2014. Id. at ¶4. Because the Appellant was charged with the same offenses, he filed a motion to dismiss the instant case, claiming that pursuant to 18 Pa.C.S. §110, the Commonwealth is barred from bringing the present action against him and that it should have tried the present charges with the former case. Id. at ¶8.

We denied the Motion to Dismiss on September 19, 2016. On October 11, 2016, Appellant filed a timely notice of appeal to the Superior Court followed by a timely Statement of Errors Complained of on Appeal on November 3, 2016.

Issue(s):

I. Whether the trial court erred in denying Appellant's Motion to Dismiss when it found that the former offense and the current offense were not based on the same criminal conduct or did not arise from the same criminal episode for purposes of dismissal under 18 Pa.C.S. §110.

Discussion:

*Same Criminal Conduct or Same Criminal Episode:*

The Appellant argues that a dismissal of the instant case is warranted pursuant to 18 Pa.C.S. §110. We disagree.

Instantly, we clearly have a situation that involves the question of whether the two offenses should be considered a "single criminal episode." Our appellate courts have fashioned the following test to assist in making this determination:

(1) the former prosecution resulted in an acquittal or conviction; (2) the current prosecution was based on the same criminal conduct or arose from the same criminal episode; (3) the prosecutor in the subsequent trial was

2

aware of the charges before the first trial; and (4) all charges were within the same judicial district as the former prosecution.

*Com. v. Pries*, 861 A.2d 951, 954 (Pa.Super. Ct. 2004).

The only question here is whether or not the instant offenses that Appellant is charged with are based on the "same criminal conduct" or arise from the "same criminal episode" as the former case. For the reasons that follow, we do not believe the two offenses can be considered as one criminal episode. We understand the Appellant's argument that these two offenses occurred within a few days of one another and the only difference was a location, but a temporal relationship is just one factor to consider when determining whether a single criminal action has occurred. We must also consider the facts in a logical manner. *See Com. v. Wittenburg*, 710 A.2d 69, 73 (Pa.Super. Ct. 1998).

In *Miskovitch*, the Superior Court undertook a double jeopardy analysis but relied on 18 Pa.C.S. §110 as a tool to explain the "same criminal episode." The Court stated that

> [t]he determination of what constitutes a single criminal episode must not be approached in a rigid or hypertechnical manner that would defeat the purposes underlying Section 110. Rather, when determining what constitutes a single criminal episode, we consider (1) the temporal relationship between the acts in question and (2) the logical relationship between the acts. In determining whether a number of offenses are "logically related" to one another, a court should inquire into whether there is a substantial duplication of factual and/or legal issues presented by the offenses; if there is substantial duplication, then the offenses are logically related and must be prosecuted at one trial.

*Com. v. Miskovitch*, 64 A.3d 672, 686, *reargument denied* (Apr. 29, 2013), *appeal denied*, 621 Pa. 702, 78 A.3d 1090 (2013).

There, the defendant committed two robberies – one on July 31st and another on August 1st. 64 A.3d at 675-76. The trial court noted that "[t]he only linking factor between these crimes was that the car that Miskovitch stole on July 31, 2004 was used in the robbery that he committed on August 1, 2004," thereby clearly stating that there was "no substantial duplication of legal or factual issues." Id. at 687. The Superior Court agreed with the trial court's analysis. Id. Specifically, the Court noted that "the crimes occurred on different days

3

and at different locations, and, not surprisingly, different witnesses were required for the prosecution of the separate crimes." Id. Thus, there was no logical relationship between the two crimes, so the trial court's determination was affirmed. Id.

Here, the situation is not much different. The appellant first committed the offense on August 3, 2014, at a Wal-Mart and then again on August 9, 2014, at a Dick's Sporting Goods store. Just as the Court in *Miskovitch* noted, the offenses here were committed at different locations on different dates, and different witnesses would be required for the prosecution of the offenses. Therefore, albeit the Appellant committed and was charged with the same offenses, there is no logical relationship between the two crimes.

The facts of *Lee* are similar to the facts in the present case as well. In *Lee*, the defendant stabbed one victim around midnight on August 31st. *Com. v. Lee*, 435 A.2d 620 (Pa.Super. Ct. 1981). Approximately twenty minutes later, around 12:20AM on September 1st, the defendant stabbed another victim. Id. The defendant was arrested, but he was charged under two sets of information. Id. The defendant proceeded to a bench trial in the first stabbing and was ultimately found guilty. Id. About a month later, the Commonwealth called the defendant's second case to trial; however, the defendant moved to have the second case dismissed on the grounds that it violated double jeopardy because the two stabbings were part of one criminal episode. Id. at 621.

In addition to the double jeopardy analysis, the court endeavored to explain "same conduct" or conduct arising from "same criminal episode" under 18 Pa.C.S. §110. Id. To that end, the Court stated that even though the stabbings occurred just minutes apart, they were to be "properly viewed as two separate episodes." Id. at 622. Additionally, even though the stabbings were proximately close in time, the Court noted that there was a "clear break in criminal activity of the defendant" because after the first stabbing, he had a conversation with his girlfriend for approximately twenty minutes before stabbing her as well. Id.

Here, the Appellant's acts are also similar to those of the defendant in *Lee*. The Appellant first committed the offense by filling out false information on August 3, 2014 at a Wal-Mart, in an attempt to purchase a firearm. Thereafter, when his application was

4

rejected, he tried to fill a similar application at a Dick's Sporting Goods store on August 9, 2014. As the Court in *Lee* noted, there was a "clear break" between the offense committed by the Appellant on August 3 and the one committed on August 9. Furthermore, much like *Lee*, where the two victims had nothing in common except the defendant who stabbed them, here, the only common thread between the two offenses is the Appellant who committed the same offense on two different dates, at two different locations.

Thus, we conclude that the Appellant's acts do not constitute a part of the same criminal episode because there was a clear break between the offenses he committed..

## Conclusion:

For the aforementioned reasons, we respectfully submit that the Appellant's arguments on appeal are without merit.

Date:    February 14, 2017

By the Court

_____
Richard K. Renn, Judge

2017 FEB 14 AM 10: 55

DON O'SHELL
CLERK OF COURTS

5