452 A.2d 7

**COMMONWEALTH of Pennsylvania,**

v.

**Richard J. CORISH, Jr., Appellant.**

**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**Richard J. CORISH, Jr.**

Superior Court of Pennsylvania.

Submitted May 11, 1982.

Filed Oct. 22, 1982.

Timothy John O'Connell, Harrisburg, for Corish, appellant (at No. 92) and appellee (at No. 112).

Marion E. MacIntyre, First Assistant District Attorney, Harrisburg, for Commonwealth, appellant (at No. 112) and appellee (at No. 92).

Before CAVANAUGH, CIRILLO and HOFFMAN, JJ.

CAVANAUGH, Judge:

This case involves cross-appeals taken from an order denying appellant Richard Corish's motion to quash an information but granting his motion to suppress the results of a blood test. We now reverse that portion of the order which denies the motion to quash and dismiss the Commonwealth's appeal concerning the suppression of evidence as moot.

On June 25, 1979, appellant was involved in an automobile accident which resulted in the death of a passenger riding in the vehicle which appellant was operating. Police Officer Brian Greenway was called to the scene to investigate the accident. Appellant, who was in a semi-conscious state, was transported to a hospital, where blood was withdrawn by the emergency room physician at the request of Officer Greenway. Officer Greenway had received the results of the blood test and had completed his investigation of the accident by July 3, 1979. On that date, after conferring with a member of the district attorney's staff, he filed a summary citation for reckless driving against appellant. He intended to file charges of operating under the influence, homicide by vehicle, and involuntary manslaughter but he failed to do so at that time because the District Justice was out of town.

On July 16, 1979, appellant pled guilty to the reckless driving charge and paid a fine and costs. On July 17, 1979, Officer Greenway first swore out warrants for appellant's arrest on the charges of operating under the influence, homicide by vehicle, and involuntary manslaughter. Appellant filed a pre-trial motion to quash the information, alleging that prosecution on these charges would violate the decision in *Commonwealth v. Campana*,[1] and the provisions of 18 Pa.C.S.A. § 110.

*Campana* and 18 Pa.C.S.A. § 110 require that all charges arising out of a single criminal episode, even where the episode gives rise to both summary and indictable of-

1. 452 Pa. 233, 304 A.2d 432 (1973); vacated and remanded, 414 U.S. 808, 94 S.Ct. 73, 38 L.Ed.2d 44 (1973), on remand, 455 Pa. 622, 314 A.2d 854 (1974), cert. denied, 417 U.S. 969, 94 S.Ct. 3172, 41 L.Ed.2d 1139 (1974).

fenses, must be brought in a single proceeding. The court below denied appellant's motion to quash because "none of the evils that Section 110 were designed to eliminate are present in the instant Case." Lower court opinion at 4. Our disposition, however, is controlled by this court's holding in *Commonwealth v. Breitegan,* 276 Pa.Super. 181, 419 A.2d 155 (1980). In *Breitegan,* we reversed an order which denied a motion to quash an information charging a defendant with misdemeanors arising out of a fatal accident where the complaints on which the information was predicated had been filed after appellant had entered pleas of guilty to three summary offenses arising out of the same accident. We held that *Campana* and Section 110 barred prosecution of the misdemeanor offenses. That decision is clearly dispositive of the instant appeal.

■ Our holding that appellant can not be prosecuted on the charges involved in this appeal renders moot the Commonwealth's cross-appeal from that portion of the lower court's order suppressing evidence relating to the blood test performed on appellant.

The order denying the motion to quash is reversed and the information is quashed. The Commonwealth's appeal is dismissed as moot.

