COMMONWEALTH of Pennsylvania,
Appellee

v.

William M. MENHART, Appellant.

Superior Court of Pennsylvania.

Submitted Nov. 26, 2001.

Filed March 11, 2002.

Reargument Denied May 15, 2002.

Paul R. Dachille, Pittsburgh, for appellant.

Kevin F. McCarthy, Asst. Dist. Atty., Pittsburgh, for the Com.

Before: STEVENS, LALLY–GREEN, and HESTER, JJ.

STEVENS, J.:

¶ 1 This is an appeal from the order entered in the Court of Common Pleas of Allegheny County denying Appellant's first petition filed under the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541–9546. On appeal, Appellant contends (1) Appellant's sentence is illegal, and (2) the PCRA court erred in finding Appellant's sentencing claim to be waived. We affirm.

¶ 2 The relevant facts and procedural history are as follows: From October of 1990 to February of 1991, Appellant and his cohort, Jonathan Schuffert, burglarized several churches and church schools in Allegheny County. At two of the burglary locations, blood evidence was found, which matched Appellant's blood. With regard to the remaining burglaries, Schuffert indicated that he would testify against Appellant, but he later indicated that he would not do so. As such, the charges against Appellant, which related to the burglaries for which the Commonwealth had no blood evidence, were withdrawn.

¶ 3 On June 26, 1992, Appellant pleaded guilty to the burglaries at the locations where his blood was found, and Appellant

was sentenced to two concurrent terms of thirty-nine months to seventy-eight months in prison. Subsequently, Schuffert pleaded guilty to the same two burglaries to which Appellant pleaded guilty, and he was sentenced. Once Schuffert's rights against self-incrimination expired, the Commonwealth filed new charges against Appellant with regard to the remaining burglaries.

¶ 4 Appellant filed a *pro se* and counseled motion to dismiss based on Pennsylvania Rule of Criminal Procedure 1100 [1] and 18 Pa.C.S.A. §§ 109 and 110.[2] In his motions to dismiss, Appellant claimed that the burglaries to which he pleaded guilty previously should have been consolidated with the other burglary charges, and, since he pleaded guilty to the earlier charges, double jeopardy prevented the Commonwealth from prosecuting Appellant on the later charges. On February 8, 1994, pursuant to a negotiated plea agreement, Appellant pleaded guilty to the remaining burglary charges and specifically withdrew his motions to dismiss. In exchange, because Appellant withdraw his motions, the Commonwealth offered Appellant an aggregate of four years to eight years in prison, to be served consecutively to his previous sentence.

¶ 5 The trial court initially rejected the negotiated plea agreement because it did not include a period of probation or restitution. The agreement was altered to include the missing terms, and the trial court accepted Appellant's guilty plea. As a result, on February 8, 1994, Appellant received an aggregate of four years to eight years in prison, a consecutive five years of probation, and one hundred hours

of community service. Appellant did not object to the sentence imposed, but he filed an untimely post-sentence motion for modification on December 21, 1995, which was denied on January 5, 1996. Appellant did not file a direct appeal.

¶ 6 On February 16, 1996, Appellant filed a timely *pro se* petition for relief under the PCRA, and Paul Dachille, Esquire, was appointed to represent Appellant. Attorney Dachille filed an amended PCRA petition, alleging, *inter alia*, that Appellant's sentence was illegal under 18 Pa.C.S.A. §§ 109 and 110. An evidentiary hearing was held on March 11, 1998, and on January 10, 2001, the PCRA court denied Appellant's petition, concluding that all of Appellant's issues were waived. This timely appeal followed, the PCRA court ordered Appellant to file a statement pursuant to Pennsylvania Rule of Appellate Procedure 1925(b), such a statement was filed, and the PCRA court filed an opinion.

¶ 7 Appellant contends that he was improperly prosecuted with regard to the charges not supported by blood evidence under 18 Pa.C.S.A. §§ 109 and 110. Appellant contends that under Sections 109 and 110 all of his charges should have been consolidated because they arise from one criminal episode occurring in Allegheny County, of which the prosecuting attorney was aware. He further contends that, because Sections 109 and 110 barred prosecution, his double jeopardy rights were violated, resulting in an illegal sentence.

¶ 8 Initially, we must determine whether Appellant has preserved his issue for appeal. The record reveals that Appellant filed motions to dismiss pursuant to Sections 109 and 110; however, during his

---

1. Effective April 1, 2001, Rule 1100 was renumbered Rule 600.

2. Sections 109 and 110, when read in conjunction, prevent multiple punishments for the same offenses and demands joinder of offenses arising from the same conduct or criminal episode, when the Commonwealth is aware of the conduct.

guilty plea colloquy, Appellant specifically indicated that he was withdrawing his motions to dismiss and was accepting the negotiated plea agreement. N.T. 2/8/94 at 12–14. Since Appellant took affirmative action to dismiss the charges, and then withdrew the request in exchange for a favorable sentence, we find Appellant waived his double jeopardy claims. *Commonwealth v. Failor*, 564 Pa. 642, 770 A.2d 310 (2001).

¶ 9 We specifically find that this case is dissimilar to those cases where waiver was not permitted because of an appellant's silent acquiescence. *See Commonwealth v. Dickerson*, 303 Pa.Super. 46, 449 A.2d 570 (1982); *Failor, supra* (holding that the defendant's mere silence and failure to file a motion to dismiss did not waive right to challenge double jeopardy). Here, Appellant specifically chose to abandon his double jeopardy challenge, and, in exchange, he accepted a favorable plea agreement. We will not permit Appellant to use the compulsory joinder rules as leverage during plea bargaining, and then later claim that he has not waived his challenges by withdrawing the motion with regard thereto. As such, we find that the trial court correctly found Appellant's issue to be waived.[3]

¶ 10 Affirmed.

---

3. We note that, in his brief, Appellant makes a passing reference to the fact that counsel was ineffective "in not pursuing the arguments raised in Appellant's Brief." Appellant's Brief at 39. Appellant has not developed this claim, and, therefore, it is waived. Pa.R.A.P. 2119. In any event, contrary to Appellant's assertion, guilty plea counsel did pursue the double jeopardy claim, but withdrew it when Appellant agreed to plead guilty. In addition, we note that Appellant filed a *pro se* motion to dismiss under Sections 109 and 110, but he specifically withdrew his *pro se* motion. N.T. 2/8/94 at 14.