J. S76023/16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JUNIOR PINNOCK, | : | |
| | : | |
| Appellant | : | No. 3198 EDA 2015 |

Appeal from the Judgment of Sentence September 11, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No.: CP-51-CR-0003778-2014

BEFORE: STABILE, J., DUBOW, J., and STEVENS, P.J.E. [*]

MEMORANDUM BY DUBOW, J.:                    **FILED JANUARY 06, 2017**

Appellant, Junior Pinnock, appeals from the Judgment of Sentence of 30 to 60 months' incarceration followed by three years' probation entered by the Philadelphia County Court of Common Pleas following his open guilty plea to Carrying a Firearm Without a License and Possession of a Firearm with an Altered Manufacturer's Number.[1]  After careful review, we affirm.

The trial court stated the relevant facts in its Pa.R.A.P. 1925(a) Opinion as follows:

> Following denial of a motion to suppress physical evidence on Jun[e] 18, 2015, [Appellant] entered a non-negotiated guilty [] plea to [Carrying] a [F]irearm [W]ithout a [L]icense (18 Pa.C.S. § 6106) and Possession of a [F]irearm with [an] [A]ltered

---

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S. § 6106 and 18 Pa.C.S. § 6110.2, respectively.

[M]anufacturer['s] [Number] (18 Pa.C.S. § 6110.2). The remaining charges were *nolle prossed* by the Commonwealth.

On July 1, 2015, [Appellant] filed a motion to withdraw [his] guilty plea. That motion was denied on July 3, 2015. A motion to reconsider was filed on July 15, 2015, which [] was denied on August 28, 2015.

Also on August 28, 2015, trial counsel was permitted to withdraw and new counsel was appointed[.]

On September 11, 2015, [Appellant] was sentenced to 30-60 months['] incarceration on the violation of 18 Pa.C.S. § 6110.2, and a consecutive period of three years['] probation on the violation of 18 Pa.C.S. § 6106.

On September 20, 2015, [Appellant] filed post-sentence motions, which were denied on October 6, 2015.

Trial Court Opinion, 2/9/16, at 1.

Appellant filed a timely Notice of Appeal. Both Appellant and the trial court complied with Pa.R.A.P. 1925.

Appellant presents two issues for our review:

[1.] Did the trial court abuse its discretion when it [] denied [Appellant's] pre-sentence, written and properly filed motion seeking to withdraw his guilty plea where [Appellant] plausibly asserted his innocence and the Commonwealth did not establish that it would suffer any prejudice as a result of the withdrawal of the plea?

[2.] Did the trial court err when it denied [Appellant's] motion seeking dismissal of the charges against [Appellant] based upon 18 Pa.C.S.[] § 110?

Appellant's Brief at 4.[2]

Appellant first challenges the trial court's decision to deny his Motion to withdraw his guilty plea. Appellant relies on *Commonwealth v. Carrasquillo*, 115 A.3d 1284 (Pa. 2015), and argues that the trial court abused its discretion because he asserted his innocence "(1) in writing, (2) shortly after the plea, and (3) almost two months before the sentencing hearing." Appellant's Brief at 17. Appellant avers that he did not make a bare assertion of his innocence because (1) he made corroborating statements that the gun recovered belonged to someone else as soon as he was arrested, and (2) he only pleaded guilty "based on the belief that a plea on that date would speed his eventual release from custody, rather than having the matter continued and waiting for an eventual resolution through a jury trial." *Id*. at 16-17.

Additionally, Appellant claims "that the Commonwealth did not establish that it would have suffered any prejudice if the motion to withdraw the guilty plea had been granted." *Id*. at 18. Appellant emphasizes that our Supreme Court "has made clear that, '**The policy of liberality remains extant**' with respect to [pre-sentence] motions to withdraw [a] guilty plea. . . ." *Id*. at 17 (emphasis in original).

---

[2] Appellant conceded that he failed to preserve one issue for appeal by pleading guilty: "that the trial court erred in denying a motion to suppress evidence." Appellant's Brief at 4 n.1.

"A decision regarding whether to accept a defendant's presentence motion to withdraw a guilty plea is left to the discretion of the sentencing court." *Commonwealth v. Unangst*, 71 A.3d 1017, 1019 (Pa. Super. 2013). *See also* Pa.R.Crim.P. 591(A) (stating, "At any time before the imposition of sentence, the court may, in its discretion, permit, upon motion of the defendant . . . the withdrawal of a plea of guilty[.]"). There is no absolute right to withdraw a guilty plea, but if a motion to withdraw is filed before sentencing, it is to be granted liberally; "a defendant should be permitted to withdraw his plea for any fair and just reason, provided there is no substantial prejudice to the Commonwealth." *Unangst*, *supra* at 1020 (quotation marks and citations omitted).

"[A] court deciding a motion to withdraw a plea is permitted to assess the sincerity of a defendant's intent to assert innocence and, if the court finds the assertion to be conditional or contradictory, the court may properly choose to deny the motion." *Commonwealth v. Gordy*, 73 A.3d 620, 629 (Pa. Super. 2013).

> The trial court addressed Appellant's claim as follows:
>
> Here, [Appellant] asserted that as the reason for withdrawing his guilty plea that he thought such a plea would speed his release from prison and for that reason he decided to plead guilty, even though he is innocent. However, the fact that the Commonwealth sought a Presentence Investigation (PSI) and that such an investigation would take 8 weeks was stated on the record in open court, prior to the announcement that [Appellant] was going to proceed by way of an open guilty plea, prior to the written and oral guilty plea colloquy and prior to entry of the plea.

Under these circumstances, we determined that there was no colorable demonstration that withdrawal of the plea would promote fairness or justice, and therefore denied the motion to withdraw [Appellant's] guilty plea, and the motion to reconsider that decision.

Trial Court Opinion, filed 2/9/16, at 6 (citations omitted). Thus, the trial court found Appellant's assertion of innocence to be disingenuous. We agree.

Because Appellant failed to make a colorable demonstration, under the circumstances, that withdrawal of the plea would promote fairness and justice, we conclude that the trial court did not abuse its discretion in finding that Appellant did not present a sincere, fair, and just reason for withdrawing his plea.

In his second claim, Appellant avers that the trial court erred in denying his Post-Sentence Motion to dismiss the charges under 18 Pa.C.S. § 110.[3] Appellant avers that the instant firearms prosecution was barred by

---

[3] Section 110 provides, in relevant part, as follows:

**When prosecution barred by former prosecution for different offense**

Although a prosecution is for a violation of a different provision of the statutes than a former prosecution or is based on different facts, it is barred by such former prosecution under the following circumstances:

(1) The former prosecution resulted in an acquittal or in a conviction as defined in section 109 of this title (relating to when

his former conviction for a summary traffic offense for Driving Without a License because all of the charges "arose during the same criminal episode [on] March 16, 2014[.]"[4] Appellant's Brief at 19-22. Appellant argues that he met all four requirements set forth in Section 110(1)(ii), and contends that "the prosecution for the firearms offenses is therefore barred." *Id*. at 25.

Before addressing the merits of Appellant's claim, we must address whether Appellant has waived this issue. "[W]hen a defendant enters a guilty plea, he or she waives all defects and defenses except those concerning the validity of the plea, the jurisdiction of the trial court, and the legality of the sentence imposed." *Commonwealth v. Stradley*, 50 A.3d 769, 771 (Pa. Super. 2012). "This Court has held that claims going to the compulsory joinder rule are [waivable]." *Commonwealth v. Dawson*, 87 A.3d 825, 827 (Pa. Super. 2014). *See also Commonwealth v. Menhart*,

---

prosecution barred by former prosecution for same offense) and the subsequent prosecution is for:

* * *

(ii) any offense based on the same conduct or arising from the same criminal episode, if such offense was known to the appropriate prosecuting officer at the time of the commencement of the first trial and occurred within the same judicial district as the former prosecution unless the court ordered a separate trial of the charge of such offense[.]

18 Pa.C.S. § 110(1)(ii).

[4] 75 Pa.C.S. § 1501(a).

796 A.2d 990, 992 (Pa. Super. 2002) (rejecting defendant's attempt to use the joinder rule as leverage during plea bargaining, decide to accept a favorable plea agreement and abandon the issue, and then later claim that he has not waived the joinder rule issue).

Appellant entered his guilty plea on June 18, 2015. As the trial court noted, "this was not a conditional plea and there was no express reservation of a right to challenge" any issue, including a challenge pursuant to the compulsory joinder rule under Section 110. Accordingly, we conclude that Appellant has waived this issue by entering his guilty plea.

The trial court did not abuse its discretion or commit an error of law. Accordingly, we affirm Appellant's Judgment of Sentence.

Judgment of Sentence affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/6/2017