J-S43019-18

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| --- | --- | --- |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ALONZO LAMAR DAVIS, | : | |
| | : | |
| Appellant | : | No. 1806 WDA 2017 |

Appeal from the Judgment of Sentence November 6, 2017
In the Court of Common Pleas of Beaver County
Criminal Division at No(s): CP-04-CR-0000569-2016,
CP-04-CR-0000570-2016, CP-04-CR-0000981-2016,
CP-04-CR-0002008-2016, CP-04-CR-0002009-2016,
CP-04-CR-0002074-2016

BEFORE: STABILE, J., DUBOW, J., and NICHOLS, J.

MEMORANDUM BY DUBOW, J.:                    FILED JANUARY 23, 2019

Appellant, Alonzo Lamar Davis, appeals from the Judgments of Sentence entered by the Beaver County Court of Common Pleas after a jury convicted him of Persons Not to Possess Firearms,[1] and after he entered six open guilty pleas to numerous drug charges for selling heroin to police during seven different controlled buys. He purports to challenge the legality of his sentence by asserting a claim pursuant to 18 Pa.C.S. § 110.[2] Appellant's counsel filed a Petition to Withdraw as Counsel and a Brief pursuant to Anders v. California, 386 U.S. 738 (1967), and Commonwealth v. Santiago, 978

---

[1] 18 Pa.C.S. § 6105.

[2] 18 Pa.C.S. § 110 is Pennsylvania's compulsory joinder statute from which the "single criminal episode" test originates.

A.2d 349 (Pa. 2009). After careful review, we grant counsel's Petition to Withdraw and affirm Appellant's Judgments of Sentence.

The trial court set forth the underlying facts in its Pa.R.A.P. 1925(a) Opinion and we need not repeat them in detail. See Trial Court Opinion, filed 1/26/18, at 1-6. Briefly, from August 2015 through August 2016, Appellant sold heroin to confidential informants working with police seven times. During the execution of an arrest warrant, police recovered a firearm from Appellant's personal effects. Appellant also provided false identification to police.

The Commonwealth charged Appellant with numerous drug charges, Persons Not to Possess Firearms, and False Identification to Law Enforcement at six separate criminal dockets.

On May 9, 2017, a jury convicted Appellant of Persons Not to Possess Firearms. On May 11, 2017, Appellant entered open guilty pleas to sixteen offenses. The Court ordered a Pre-Sentence Investigation Report and deferred sentencing.

On July 5, 2017, the court sentenced Appellant to an aggregate term of 9 to 18 years' incarceration. Appellant filed a Motion to withdraw his guilty pleas and a Motion to modify his sentence. On November 6, 2017, the court denied the Motion to withdraw the plea and altered Appellant's sentence by, in part, running certain sentences concurrently rather consecutively. Ultimately, the court sentenced Appellant to an aggregate term of 6½ to 13 years' incarceration.

On November 30, 2017, Appellant filed a Notice of Appeal.[3]   Both Appellant and the trial court complied with Pa.R.A.P. 1925.[4]

On March 29, 2018, counsel filed a Brief and a Petition to Withdraw pursuant to Anders and Santiago.   Appellant did not file a response to counsel's Anders Brief.

In his Anders Brief, counsel raised one question:

Whether there are any issues of arguable merit that could be raised on direct appeal presently before this Court?

Anders Brief at 6.[5]

Before we address the merits of this appeal, we must determine whether counsel has complied with the procedures provided in Anders and its progeny. Commonwealth v. Goodwin, 928 A.2d 287, 290 (Pa. Super. 2007) (en

_____

[3] We note that Appellant filed a single notice of appeal after the trial court entered separate sentencing orders at six separate dockets numbers.   In Commonwealth v. Walker, 185 A.3d 969 (Pa. 2018), our Supreme Court announced, "[I]n future cases [Pa.R.A.P.] 341(a) will, in accordance with its Official Note, require that when a single order resolves issues arising on more than one lower court docket, separate notices of appeal must be filed.   The failure to do so will result in quashal of the appeal."   Id. at 977 (footnote omitted).   Walker was decided on June 1, 2018, after Appellant filed his appeal in the cases before us.   Accordingly, Walker is not controlling in the instant appeal, and we decline to quash Appellant's appeal.

[4] The trial court noted that Appellant filed his Pa.R.A.P. 1925(b) Statement of Errors untimely, but addressed the Section 110 claim nevertheless.

[5] In the Anders Brief, counsel notes that the basis for the appeal is Appellant's contention that "because the evidence found supporting [the charges filed in one docket] was discovered as a result of his arrest in [a case filed under a separate docket number], the two cases would be considered one criminal episode as provided in 18 Pa.C.S. § 110."   Anders Brief at 12.

banc). Counsel who wishes to withdraw must file a petition to withdraw stating that he or she has made a conscientious examination of the record and determined that there are no meritorious issues to be raised on appeal. *Commonwealth v. Wright*, 846 A.2d 730, 736 (Pa. Super. 2004). Also, counsel must provide a copy of the Anders Brief to the appellant and inform him of his right to proceed pro se or retain different counsel. *Id.* See also *Commonwealth v. Millisock*, 873 A.2d 748, 752 (Pa. Super. 2005); *Santiago*, 978 A.2d at 361 (detailing substantive requirements of an Anders Brief).

Once counsel has satisfied the above requirements, it is then this Court's duty to conduct an independent review of the record to discern if there are any additional, non-frivolous issues overlooked by counsel and render an independent judgment as to whether the appeal is, in fact, wholly frivolous. See *Goodwin*, supra at 291; *Commonwealth v. Yorgey*, 188 A.3d 1190, 1197 (Pa. Super. 2018) (en banc) (noting that Anders requires the reviewing court to "review 'the case' as presented in the entire record with consideration first of issues raised by counsel.").

Counsel in the instant appeal has complied with the above requirements. We thus proceed to conduct an independent review to ascertain if the appeal is indeed wholly frivolous.

In the Anders Brief, Appellant's counsel purports to challenge the legality of Appellant's sentence. Anders Brief at 12-13. Specifically,

Appellant argues, inter alia, that "because the evidence found supporting [the charges filed in one docket] was discovered as a result of his arrest in [a case filed under a separate docket number], the two cases would be considered one criminal episode as provided in 18 Pa.C.S. § 110." Id. at 12.[6]

"[W]hen a defendant enters a guilty plea, he or she waives all defects and defenses except those concerning the validity of the plea, the jurisdiction of the trial court, and the legality of the sentence imposed." Commonwealth v. Stradley, 50 A.3d 769, 771 (Pa. Super. 2012) (citation omitted). However, "[t]his Court has held that claims going to the compulsory joinder rule are [waivable]." Commonwealth v. Dawson, 87 A.3d 825, 827 (Pa. Super. 2014). See also Commonwealth v. Menhart, 796 A.2d 990, 992 (Pa. Super. 2002) (rejecting defendant's attempt to use the joinder rule as leverage during plea bargaining, decide to accept a favorable plea agreement

_____

[6] The trial court noted that Appellant's claim "is extremely vague" and it was "unable to discern what 'portions' of the Appellant's sentence he believes are illegal or why such 'portions' violate [Section] 110." Trial Court Opinion, filed 1/26/18, at 3. Nevertheless, the court "presumed" that Appellant sought to raise one of the following issues:

> (1) that his initial conviction in Case No. 569-2016(B) on May 9, 2017 precludes the other convictions via guilty plea on May 11, 2017, as these were part of the same criminal episode; or
>
> (2) certain offenses should have been charged jointly, as they were a part of the same criminal episode.

Id.

and abandon the issue, and then later claim that he has not waived the joinder rule issue).

Appellant did not file a Motion challenging his prosecution under Section 110. In entering his guilty pleas, Appellant specifically acknowledged that "by pleading guilty [he was] giving up [his] right to present any pre-trial motions for consideration to this or a higher court in the event those motions were denied[.]" Guilty Plea Colloquy, dated 5/11/17, at 2. This was not a conditional plea and there was no express reservation of a right to challenge any issue. Accordingly, we conclude that Appellant has waived this challenge to his prosecution by entering his guilty plea.

Moreover, insofar as Appellant presents his Section 110 issue as a challenge to the legality of his sentence, we reject it because Appellant is not serving an illegal sentence. After summarizing the separate dockets, charges, and offense dates, the trial court concluded that "these offenses occurred over nearly one year of time in multiple jurisdictions. Neither the Double Jeopardy Clause nor [Section 110] are violated by the Appellant facing multiple sets of criminal charges for these distinct crimes." Trial Court Opinion, 1/26/18, at 8-9.

We agree with the trial court's assessment. The trial court did not impose multiple punishments for the same act in contravention of Section 110 or Due Process. Rather, our review of the certified record shows that the trial court properly imposed separate sentences for distinct crimes across the

various dockets to which Appellant pleaded guilty. Accordingly, Appellant's illegal sentencing claim warrants no relief.

After conducting a full examination of all the proceedings as required pursuant to Anders, we discern no non-frivolous issues to be raised on appeal. We, therefore, grant counsel's Petition to Withdraw and affirm Appellant's Judgments of Sentence.

Petition to Withdraw granted. Judgments of Sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/23/2019