J-S37009-19

2019 PA Super 302

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| NYJEE JEFFERSON | : | |
| | : | |
| Appellant | : | No. 3684 EDA 2018 |

Appeal from the Order Entered March 28, 2017
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0012233-2015

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| NYJEE JEFFERSON | : | |
| | : | |
| Appellant | : | No. 3685 EDA 2018 |

Appeal from the Order Entered March 28, 2017
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0012234-2015

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| NYJEE JEFFERSON | : | |
| | : | |
| Appellant | : | No. 3686 EDA 2018 |

Appeal from the Order Dated March 28, 2018
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0012235-2015

BEFORE: BOWES, J., KUNSELMAN, J., and FORD ELLIOTT, P.J.E.

OPINION BY BOWES, J.: **FILED OCTOBER 09, 2019**

Nyjee Jefferson appeals from the March 28, 2017 order denying his motion to bar prosecution pursuant to 18 Pa.C.S. § 110 on double jeopardy grounds.[1]  We affirm.

The relevant facts were summarized by this Court in the prior appeal from the notes of testimony at the joint preliminary hearing.

> Briefly, the testimony established that on October 19, 2015, a civilian observed Appellant and another individual in the backyard of a home located at 819 E. Rittenhouse Street.  The civilian, who lived in the neighborhood and knew the homeowner, did not recognize the two men.  After a brief conversation, Appellant and the other individual entered a vehicle and left.  The civilian called 911 to report the incident and supplied the license plate.  For purposes of the preliminary hearing, the parties stipulated that the homeowner did not give Appellant permission to enter the home and that there were pry marks along the metal frame of the door.  Appellant was thereafter charged with attempted burglary, criminal mischief, and conspiracy.
>
> Next, the Commonwealth called a resident of 7215 Mansfield Avenue, who testified that on October 19, 2015, at approximately 5:30 p.m., he saw and heard Appellant and another man attempting to break into his home.  The resident saw his basement door open, causing him to run outside to flag down a police officer.  After finding an officer, he jogged back home and observed Appellant running across the awnings of his home as well as nearby buildings.  As a result, Appellant was charged with

---

[1]  Appellant filed a prior appeal from the order denying his motion for relief under the compulsory joinder statute.  ***See Commonwealth v. Jefferson***, 192 A.3d 262 (Pa.Super. 2018) (unpublished memorandum).  We determined therein that we lacked jurisdiction to entertain the interlocutory appeal under ***Commonwealth v. Diggs***, 172 A.3d 661 (Pa.Super. 2017), as the trial court had not rendered a specific finding of frivolousness when it denied the motion to dismiss.  We remanded for a Rule 587 determination.  After the trial court concluded that the issue was not frivolous, Appellant filed the instant appeals, which this Court consolidated.

burglary, criminal trespass, criminal mischief, possession of an instrument of crime, and conspiracy.

Finally, the parties stipulated for purposes of the preliminary hearing that Officer Joseph Campbell checked the license plate of a black SUV that was parked in the driveway of the Mansfield Avenue residence. That vehicle had been reported stolen on or about October 14, 2015. As a result, Appellant was charged with receipt of stolen property, unauthorized use of a vehicle, and conspiracy.

While these charges were awaiting trial, Appellant was additionally charged at six separate dockets with one count of criminal mischief at each case. The charges stemmed from the aforementioned flight from 7215 Mansfield Avenue, which resulted in Appellant damaging six other awnings. Appellant pleaded guilty to all six cases. The Commonwealth offered the following summary:

> [T]he Commonwealth's evidence would show that on or about October 19th of 2015[,] officers responded to a burglary in progress. When they arrived, they observed the defendant coming out of a second floor window. He attempted to evade the police and in so doing ran on the awnings of several row houses to avoid those police apprehension [*sic*]. He was apprehended, but in the process of fleeing, he damaged no less than six awnings of six different individuals amounting to several hundred if not thousands of dollars in damage.

N.T. Plea, 9/9/16, at 12. Appellant was sentenced to concurrent terms of eighteen months probation at each docket.

***Commonwealth v. Jefferson***, 192 A.3d 262 (Pa.Super. 2018) (unpublished memorandum at 1-3).

On March 8, 2017, Appellant filed motions seeking to bar prosecution of all charges at three criminal dockets: No. 12233-2015; No. 12234-2015; and, No. 12235-2015. For ease of reference, we designate the No. 12233 case, consisting of charges of receiving stolen property, conspiracy, and

unauthorized use of a motor vehicle related to the theft of the black SUV as "the car case." No. 12234 will be referred to as the "Mansfield Avenue burglary case." Finally, we will refer to the case at No. 12235 as the "Rittenhouse attempted burglary case." Appellant averred that prosecution was barred pursuant to 18 Pa.C.S. § 110(1)(ii), as all three cases arose from the same criminal episode as the six criminal mischief cases for damages to awnings to which Appellant pled guilty in municipal court, which we refer to as "the municipal court awnings cases."

Following a hearing on March 27 and 28, 2017, the trial court granted partial relief with respect to the criminal mischief charge in the Mansfield Avenue burglary case only. However, the court refused to preclude the prosecution for the burglary at that address, the car case, and the Rittenhouse attempted burglary.

Appellant appealed that interlocutory order, and this Court determined that it lacked jurisdiction, and remanded for a determination whether the motion was frivolous pursuant to Pa.R.Crim.P. 587(B). The matter was reassigned due to the retirement of the judge who had presided over the motion initially, and the new judge assigned made findings of fact and conclusions of law on November 27, 2018, based on the transcript and exhibits from the earlier hearing. The trial court found that the Rittenhouse attempted burglary case and the car case were unrelated to the municipal court awning

cases.[2]  Findings of Fact and Conclusions of Law, 11/28/18, at 4, Nos. 24, 25.

It determined further that, despite that finding, "an appellate court could

conclude that the temporal proximity of the events [and] the use of the stolen

car at both locations . . . is sufficient to establish the requisite logical and

temporal connection between some or all of the remaining cases," and thus,

it found the motion to be non-frivolous.  *Id*. at 5, No. 28.  Hence, the appeal

is properly before us.

> Appellant presents one issue for our review:
>
> I.    Did the lower court err in denying [Appellant's] motion to
>       bar prosecution on double jeopardy grounds and pursuant
>       to 18 Pa.C.S. § 110 where [Appellant] had previously
>       entered a guilty plea to criminal conduct arising from the
>       same conduct and criminal episode?

Appellant's brief at 4 (unnecessary capitalization omitted).

> Since the relevant facts are not in dispute, the issue before us is one of

law.  In such cases, "[o]ur scope of review is plenary, and our standard of

_____

[2]  The court found no common issues of fact and no logical relationship between the car case and the municipal court awning case.  The only connection was the fact that the vehicle was used as transportation to Mansfield Avenue where the awning damage occurred.  It also found no common issues of fact and no logical relationship between the Rittenhouse attempted burglary and the municipal court awnings cases, and that the only connection was that the getaway vehicle at Rittenhouse was used as transportation to Mansfield Avenue where the burglary and awning damage occurred.  Finally, it found no commonality of legal issues between the municipal court awnings cases and the car case, the Rittenhouse attempted burglary case, and the Mansfield burglary.

review is *de novo*." ***Commonwealth v. Perfetto***, 207 A.3d 812, 821 (Pa. 2019).

Appellant contends that the trial court erred in denying his motion to bar prosecution based on double jeopardy grounds under 18 Pa.C.S. § 110, known as the compulsory joinder rule, and our Supreme Court's test for application of that statute in ***Commonwealth v. Fithian***, 961 A.2d 66 (Pa. 2008).[3] That statute provides:

> § 110. When prosecution barred by former prosecution for different offense.
>
> Although a prosecution is for a violation of a different provision of the statutes than a former prosecution or is based on different facts, it is barred by such former prosecution under the following circumstances:
>
> (1) The former prosecution resulted in an acquittal or in a conviction as defined in section 109 of this title (relating to when prosecution barred by former prosecution for the same offense) and the subsequent prosecution is for:
>
> > (i) any offense of which the defendant could have been convicted on the first prosecution;
> >
> > (ii) any offense based on the same conduct or arising from the same criminal episode, if such offense was known to the appropriate prosecuting officer at the time of the commencement of the first trial and occurred within the same judicial district as the former prosecution unless the court ordered a separate trial of the charge of such offense; or
> >
> > (iii) the same conduct, unless:

---

[3] The trial court also found that the instant prosecutions are not barred by the 5th Amendment of the United States Constitution, and Article I, section 10 of the Pennsylvania Constitution.

> (A)     the offense of which the defendant was formerly
> convicted or acquitted and the offense for which
> he is subsequently prosecuted each requires
> proof of a fact not required by the other and the
> law defining each of such offenses is intended to
> prevent a substantially different harm or evil; or
>
> (B)     the second offense was not consummated when
> the former trial began.

18 Pa.C.S. § 110.  The foregoing statute bars a subsequent prosecution based

on double jeopardy if each prong of the test set forth in **Fithian** is met:

1. The former prosecution must have resulted in an acquittal or conviction;

2. The current prosecution is based upon the same criminal conduct or arose from the same criminal episode as the former prosecution;

3. The prosecutor was aware of the instant charges before the commencement of the trial on the former charges; and

4. The current offense occurred within the same judicial district as the former prosecution.

**Fithian**, **supra** at 72.  **See also Commonwealth v. George**, 38 A.3d 893,

896 (Pa.Super. 2012).

The Commonwealth concedes that three of the four **Fithian** prongs were

satisfied herein.[4]  The dispute involves the second prong of the test: whether

---

[4] The Commonwealth wisely did not argue that the fourth prong of the **Fithian** test was not satisfied since the damaged awning cases proceeded in the Municipal Court rather than the General Division.  While the instant appeal was pending, the Pennsylvania Supreme Court decided **Commonwealth v. Perfetto**, 207 A.3d 812 (Pa. April 26, 2019).  The Commonwealth conceded

the current prosecutions are based on the same criminal conduct or criminal episode as the former prosecutions in municipal court for criminal mischief related to the awnings. The Commonwealth agreed not to prosecute Appellant on the Mansfield Avenue burglary case.[5] Thus, for purposes of this appeal, only two current prosecutions remain, *i.e.*, the car case and the Rittenhouse attempted burglary case.

As this Court reiterated recently, a criminal episode is "an occurrence or connected series of occurrences and developments which may be viewed as distinctive and apart although part of a larger or more comprehensive series." ***George***, ***supra*** at 897. In making such a determination, "one must consider the logical relationship between the acts, *i.e.,* whether there is a substantial duplication of issues of law and fact, and whether the acts are temporally related." ***Id***. (quoting ***Hude***, ***supra*** at 183).

---

therein that the first three ***Fithian*** prongs were satisfied, but argued that since the traffic court that adjudicated the summary traffic offense lacked jurisdiction over the three driving while under the influence ("DUI") charges, the fourth prong was not met. The Commonwealth maintained that the prosecution of the DUI offenses was not barred within the meaning of the compulsory joinder statute due to the operation of subsection 112(1) of the Crimes Code. ***See*** 18 Pa.C.S. § 112(1) (providing that a prior prosecution is not a bar when "(1) The former prosecution was before a court which lacked jurisdiction over the defendant or the offense"). The Supreme Court rejected the Commonwealth's argument, holding that the General Division had full jurisdiction of the Municipal Court, including its traffic division, citing 42 Pa.C.S. § 1121(b)(3).

[5] The Commonwealth conceded in the prior appeal that, on remand, it will not proceed on the Mansfield Avenue burglary case. ***See Commonwealth v. Jefferson***, 192 A.3d 262 (Pa.Super. 2018) (unpublished memorandum at 5 n.2).

Appellant contends that the trial court erred in its interpretation of § 110 as requiring that the prosecutions be based on the same facts. He maintains that this case is controlled by *Fithian* and *George*, and that the prosecution need only arise from the same criminal episode. Moreover, Appellant contends that the facts relating to the charges in the municipal court awning incidents "clearly arose from the same criminal episode as the charges" herein, and were both "logically and temporally related" to the cases before us. Appellant's brief at 12. He points out that the municipal court awning cases arose from Appellant's attempt to evade police after the burglary at 7215 Mansfield Avenue, and then concludes, without analysis, that all charges at the three dockets must be dismissed.[6] *Id*. at 12-13.

The Commonwealth counters that Appellant's reliance upon *Fithian* and *George* is misplaced as the facts are inapposite. Commonwealth's brief at 11. In *Fithian*, the parties agreed that the crimes were part of the same criminal episode, and thus, the Commonwealth maintains the Supreme Court did not actually decide that issue. *George*, according to the Commonwealth, involved repetitive drug-related charges based on the same evidence as the former prosecution and involving overlapping legal issues. *Id*.

_____

[6] Despite the Commonwealth's prior representation to this Court that it would not prosecute the Mansfield Avenue burglary case, Appellant persists in arguing that the case must be dismissed.

- 9 -

The Commonwealth also argues that temporal proximity is not enough. In support thereof, it cites **Commonwealth v. Kolovich**, 170 A.3d 520, 525 (Pa.Super. 2017), where we held that "simply committing the same crime multiple times within the same short interval is not enough to constitute a criminal episode." It directs our attention to several other cases where relief was denied under § 110 even though the crimes occurred close in time. **See** Commonwealth's brief at 9 (citing **Commonwealth v. Caden**, 473 A.2d 1047 (Pa.Super. 1984) (appellant stole both a truck and a tractor on the same evening); **Commonwealth v. Lee**, 435 A.2d 620 (Pa.Super 1981) (appellant stabbed two people on the same block within a forty-five minute period); **Commonwealth v. Miller**, 419 A.2d 1378, 1380 (Pa.Super. 1980) (burglarized same residence six hours apart)).

The trial court relied upon **Hude**, **supra**, in reasoning that "when defining what acts constitute a single criminal episode, not only is the temporal sequence of events important, but also the logical relationship between the acts must be considered." Trial Court Opinion, 5/16/17, at 2. In determining whether a logical relationship existed, the **Hude** Court looked to "whether there is a substantial duplication of factual, and/or legal issues presented by the offenses." **Id**. at 181. The trial court also cited **Commonwealth v. Reid**, 35 A.3d 773 (Pa.Super. 2012), for the proposition that the determination of whether a current prosecution is logically related, *i.e.*, based on the same criminal conduct or arose from the same criminal episode, turned on whether

the offenses presented "a substantial duplication of issues of fact and law." Trial Court Opinion, 5/16/17, at unnumbered 3. The court concluded that, with the exception of the awning incident at the site of the burglary on Mansfield Avenue for which Appellant could not be prosecuted, "the burglary, attempted burglary, and other related charges occurred at two separate locations, involved different witnesses, different evidence of damages and different criminal charges." *Id*.

We agree with the Commonwealth that *Fithian* and *George* are factually distinguishable from the instant case. The only issue in *Fithian* was whether the offenses being prosecuted by Delaware County "occurred within the same judicial district" as the former prosecution as it was stipulated that the prosecutions arose out of the same criminal episode. *Fithian*, *supra* at 72. In *George*, the subsequent charges were intertwined with the appellant's earlier criminal activity and prosecution. The grand jury evidence leading to the later prosecution referenced the earlier arrest and the appellant's statement, and the evidence at the preliminary hearing on the subsequent prosecution arose from the same factual nucleus as the 2007 prosecution. The trial court found that the conspiracy and corrupt organization charges were logically and temporally related to the earlier possession with intent to deliver charges, and this Court affirmed. Such is not the case herein.

We find that the trial court applied the proper legal analysis in concluding that there was no logical relationship between the current prosecutions, *i.e.*,

the car case and the Rittenhouse attempted burglary case, and the earlier municipal court awnings cases. The witnesses who testified in the municipal court awnings cases were the homeowners who sustained damages to their awnings and the police officers who witnessed Appellant's flight. While the criminal mischief involving the awnings occurred close in time to the Rittenhouse attempted burglary, the proof is distinct. Presumably, in prosecuting the Rittenhouse attempted burglary case, the Commonwealth will elicit the testimony of the victim, the neighbor who witnessed the attempt, and the investigating police officers. There is no overlap in the witnesses or proof.

The events giving rise to the car case occurred several days before the Rittenhouse attempted burglary and the criminal mischief involving the awnings. The only connection between the crimes was the fact that the eyewitness to the Rittenhouse attempted burglary wrote down the license plate number of the car driven by the perpetrators. The car was later recovered at the site of the awning incidents, and police thereafter determined that the vehicle was stolen. As this Court held in **Commonwealth v. Miskovitch**, 64 A.3d 672, 697 (Pa.Super. 2013), the fact that a stolen vehicle may be used in a subsequent robbery does not provide the logical connection between the two incidents to warrant relief under § 110.

Absent herein is the logical nexus between the municipal court awning cases on the one hand, and the car case and Rittenhouse attempted burglary

case on the other, that would have made them part of the same criminal episode and mandated joinder under § 110. Thus, the trial court properly concluded that the current prosecutions, *i.e.*, the car case and the Rittenhouse attempted burglary, are not barred by double jeopardy.

Order affirmed. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/9/19