J-S27016-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| GREGORY SEWELL | : | |
| | : | |
| Appellant | : | No. 1497 MDA 2022 |

Appeal from the Order Dated September 26, 2022
In the Court of Common Pleas of York County Criminal Division at No(s):
CP-67-CR-0004395-2021

BEFORE: BENDER, P.J.E., BOWES, J., and SULLIVAN, J.

MEMORANDUM BY BOWES, J.: **FILED: AUGUST 29, 2023**

Gregory Sewell appeals from the order that denied his motion to dismiss based upon double jeopardy pursuant to 18 Pa.C.S. § 110. In this Court, Brian McNeil, Esquire, has filed a petition to withdraw as Appellant's counsel and brief pursuant to ***Anders v. California***, 386 U.S. 738 (1967), and ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009). We deny counsel's petition and order new briefing.

On April 2, 2021, Appellant, driving with a suspended license, struck a vehicle operated by Sandra Ramirez and left the scene without exchanging information or rendering aid. By complaint filed June 29, 2021, at CP-67-CR-4501-2021, Appellant was charged with accidents involving death or personal injury, duty to give information and render aid, duties at stop sign, drivers required to be licensed, and unlawful activities. This prosecution terminated

when Appellant pled guilty on August 25, 2022, to driving while operating privilege is suspended.

The Commonwealth initiated the instant case on August 10, 2021. In the accompanying affidavit of probable cause, the prosecution asserted that, in investigating Ms. Ramirez's emergency call made on the date of the collision, Hanover Police Officer Zachariah Lloyd ultimately identified Appellant as the driver of the other vehicle. After obtaining Appellant's insurance policy information, Officer Lloyd discovered that on June 15, 2021, Appellant informed his insurance adjuster in a recorded call that Appellant had been the victim of the hit-and-run by a speeding police vehicle and that he had waited at the scene for more than half an hour after calling the police who never arrived. Accordingly, the Commonwealth charged Appellant with insurance fraud pursuant to 18 Pa.C.S. § 4117(2).[1]

Appellant promptly filed a motion to dismiss on double jeopardy grounds, asserting that the instant, second prosecution arose from the same criminal episode as the first one that culminated in his guilty plea such that it

---

[1] That statute makes it an offense if one:

> Knowingly and with the intent to defraud any insurer or self-insured, presents or causes to be presented to any insurer or self-insured any statement forming a part of, or in support of, a claim that contains any false, incomplete or misleading information concerning any fact or thing material to the claim.

18 Pa.C.S. § 4117(2).

- 2 -

was subject to the compulsory joinder statute codified at 18 Pa.C.S. § 110. After a hearing, the trial court denied Appellant's motion to dismiss on September 26, 2022. This timely appeal followed, and both Appellant and the trial court complied with Pa.R.A.P. 1925.[2]

As noted, in this Court counsel filed both an **Anders** brief and a petition seeking leave to withdraw as counsel. Consequently, the following legal principles guide our review:

> Direct appeal counsel seeking to withdraw under **Anders** must file a petition averring that, after a conscientious examination of the record, counsel finds the appeal to be wholly frivolous. Counsel must also file an **Anders** brief setting forth issues that might arguably support the appeal along with any other issues necessary for the effective appellate presentation thereof.
>
> **Anders** counsel must also provide a copy of the **Anders** petition and brief to the appellant, advising the appellant of the right to retain new counsel, proceed *pro se* or raise any additional points worthy of this Court's attention.
>
> If counsel does not fulfill the aforesaid technical requirements of **Anders**, this Court will deny the petition to withdraw and remand the case with appropriate instructions (*e.g.*, directing counsel either to comply with **Anders** or file an advocate's brief on Appellant's behalf). By contrast, if counsel's petition and brief satisfy **Anders**, we will then undertake our own review of the appeal to determine if it is wholly frivolous. If the appeal is frivolous, we will grant the withdrawal petition and affirm the judgment of sentence. However, if there are non-frivolous issues, we will deny the petition and remand for the filing of an advocate's brief.

---

[2] As we discuss *infra*, we have jurisdiction over this interlocutory appeal as it is from an immediately-appealable collateral order.

*Commonwealth v. Cook*, 175 A.3d 345, 348 (Pa.Super. 2017) (cleaned up).

Our Supreme Court has further detailed counsel's duties as follows:

> [I]n the *Anders* brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Santiago*, *supra* at 361.

Based upon our examination of counsel's petition to withdraw and *Anders* brief, we conclude that counsel has complied with the technical requirements set forth above.[3] As required by *Santiago*, counsel set forth a history of the case, referred to issues that arguably support the appeal, stated his conclusion that the appeal is frivolous, and cited case law. *See Anders* brief at 11-19. Therefore, we now go on "'to make a full examination of the proceedings and make an independent judgment to decide whether the appeal is in fact wholly frivolous.'" *Commonwealth v. Flowers*, 113 A.3d 1246, 1249 (Pa.Super. 2015) (quoting *Santiago*, *supra* at 354 n.5).

Counsel identified the following issues arguably supporting this appeal, which we have re-ordered for ease of disposition:

> [1.] Whether remand is required for compliance with Rule 587 because the lower court did not make specific findings of fact or a finding as to frivolousness when it denied [Appellant]'s motion.

---

[3] Appellant did not file a response to counsel's petition.

[2.] Whether the lower court erred in denying [Appellant]'s motion to dismiss pursuant to 18 Pa.C.S. § 110 because the current prosecution arose from the same criminal episode as the former prosecution and would not have been possible without it, and there is a logical and temporal relationship between the two cases.

[3.] Whether the previous version of 18 Pa.C.S. § 110 should control because applying the current version denies [Appellant] his *ex post facto* protections.

***Anders*** brief at 4 (cleaned up).

We begin with a review of the law applicable to a claim that a subsequent prosecution is barred on double jeopardy grounds because it was subject to compulsory joinder. "The question of whether a defendant's constitutional right against double jeopardy would be infringed by a successive prosecution is a question of law. When presented with a question of pure law, our standard of review is *de novo* and our scope of review is plenary." ***Commonwealth v. Gross***, 232 A.3d 819, 834-35 (Pa.Super. 2020) (*en banc*) (cleaned up).

Whether the instant prosecution is barred by Appellant's former prosecution for different offenses is governed by § 110, which, as amended in 2022, provides in pertinent part as follows:

Although a prosecution is for a violation of a different provision of the statutes than a former prosecution or is based on different facts, it is barred by such former prosecution under the following circumstances:

(1) The former prosecution resulted in an acquittal or in a conviction as defined in section 109 of this title (relating to when prosecution barred by former prosecution for the same offense) and the subsequent prosecution is for:

. . . .

> (ii) any offense based on the same conduct or arising from the same criminal episode, if such offense was known to the appropriate prosecuting officer at the time of the commencement of the first trial and occurred within the same judicial district as the former prosecution unless the court ordered a separate trial of the charge of such offense or the offense of which the defendant was formerly convicted or acquitted was a summary offense or a summary traffic offense[.]

18 Pa.C.S. § 110.[4]

This Court has explained that, "a criminal episode is an occurrence or connected series of occurrences and developments which may be viewed as distinctive and apart although part of a larger or more comprehensive series." *Commonwealth v. Jefferson*, 220 A.3d 1096, 1100 (Pa.Super. 2019) (cleaned up). "In making such a determination, one must consider the logical relationship between the acts, *i.e.*, whether there is a substantial duplication of issues of law and fact, and whether the acts are temporally related." *Id*. (cleaned up). For example, "[t]wo separate offenses may constitute the same criminal episode if one offense is a necessary step toward the accomplishment of a given criminal objective or if additional offenses occur because of an attempt to secure the benefit of a previous offense or conceal its commission." *Commonwealth v. Perillo*, 626 A.2d 163, 166 (Pa.Super. 1993). However,

---

[4] The version of § 110 in effect when Appellant allegedly filed a fraudulent insurance claim and was charged in the second prosecution was identical to the current version but for subsection (1)(ii), which did not in the prior version include the phrase "or the offense of which the defendant was formerly convicted or acquitted was a summary offense or a summary traffic offense." *See* 18 Pa.C.S. § 110 (effective August 27, 2002, to July 10, 2022).

"a mere *de minimis* duplication of factual and legal issues is insufficient to establish a logical relationship between offenses. Rather what is required is a substantial duplication of issues of law and fact." ***Commonwealth v. Schmidt***, 919 A.2d 241, 247 (Pa.Super. 2007) (cleaned up).

Procedurally, claims that a prosecution would violate double jeopardy are governed by Pa.R.Crim.P. 587(b) as follows:

> (1) A motion to dismiss on double jeopardy grounds shall state specifically and with particularity the basis for the claim of double jeopardy and the facts that support the claim.
>
> (2) A hearing on the motion shall be scheduled in accordance with Rule 577 (Procedures Following Filing of Motion). The hearing shall be conducted on the record in open court.
>
> (3) At the conclusion of the hearing, the judge shall enter on the record a statement of findings of fact and conclusions of law and shall issue an order granting or denying the motion.
>
> (4) In a case in which the judge denies the motion, the findings of fact shall include a specific finding as to frivolousness.
>
> (5) If the judge makes a finding that the motion is frivolous, the judge shall advise the defendant on the record that a defendant has a right to file a petition for review of that determination pursuant to Pa.R.A.P. 1311(a)(3) within 30 days of the order denying the motion.
>
> (6) If the judge denies the motion but does not find it frivolous, the judge shall advise the defendant on the record that the denial is immediately appealable as a collateral order.

Pa.R.Crim.P. 587(b).

With these principles in mind, we turn to the questions identified by counsel. Counsel's first issue concerns the fact that the trial court failed to make a finding as to frivolousness as required by Rule 587(b)(4), and whether

remand for compliance with the Rule is necessary. In the trial court's Rule 1925(a) opinion, it acknowledged the oversight, stated that it did not find the motion to be frivolous, and urges this Court to proceed with the appeal. **See** Trial Court Opinion, 1/4/23, at 8-9. We readily agree with counsel that there is no merit to a claim that this case must be remanded for a frivolousness finding. **See**, **e.g.**, **Commonwealth v. Santiago**, 270 A.3d 512, 516 n.2 (Pa.Super. 2022) (observing that, where the trial court makes no finding that the motion is frivolous, the order denying the motion is immediately appealable as a collateral order).

The last two issues identified by counsel implicate the merits of Appellant's motion to dismiss. In his motion, Appellant had argued that § 110 barred the instant prosecution because the first prosecution resulted in a conviction, the current charges arose from the same criminal episode, the prosecutor was aware of all charges when the first prosecution commenced, and all the charges arose in York County. **See** Motion to Dismiss, 8/29/22, at ¶ 10. Appellant maintained that it was a single criminal episode because it involves the same April 2, 2021 accident, and the facts and witnesses are the same, such that "separate trials would involve substantial duplication and waste of judicial resources." **Id**. at ¶ 9-10.

The trial court ruled that the instant prosecution was not part of the same criminal episode as the earlier prosecution related to his hit-and-run vehicle collision. The court explained its reasoning as follows:

In looking at the temporal sequence of events, the incidents and complaint dates are not the same. In the first case, the incident date is listed as April 2, 2021. This second case before this court has an incident date of June 15, 2021. That means a total of seventy-four days, almost two and a half months, elapsed between the two incidents. . . . Therefore, the temporal sequence leans towards two separate incidents and not one criminal episode.

The logical relationship between the two cases does overlap. As the District Attorney's Office was investigating the first case, that investigation led to the charges in the second case. As the first case involved charges surrounding a hit-and-run, the District Attorney's Office investigated the accident further and discovered that [Appellant] allegedly lied on a recorded phone call to his insurance adjuster. Although the second event of the alleged fraud stems from the initial hit-and-run incident, that simply creates a "*de minimus*" connection.

While there are some common issues of fact, there are no common issues of law. [Appellant] plead guilty to a summary charge of driving while operating privilege is suspended in the first case on August 25, 2022, while the current case is graded as a felony. . . . To prove its case for false/fraudulent insurance claim, the Commonwealth needs to show that [Appellant] "knowingly and with the intent to defraud any insurer" filed " a claim that contains any false, incomplete or misleading information concerning any fact or thing material to the claim." There is no overlap in the elements of the law because the first case [Appellant] plead guilty to driving a motor vehicle while his license was suspended, revoked, or cancelled and before those driving rights were restored. These factors also lead the court to find the incidents were not one criminal episode.

. . . In this case, the Commonwealth stated the second case has a different affiant, David Jay of the District Attorney's Office, than it had for the first case. The victims are different in each case because the first victim would be the person in the other vehicle and then the insurance company would be the victim for this second case. A key witness for the second case would be the insurance adjuster, who would likely not have been a key witness for the first case. . . .

> In analyzing the totality of the circumstances in this case, this court finds that there were two separate criminal episodes.

Trial Court Opinion, 1/4/23, at 4-6 (cleaned up).

In his **Anders** brief, counsel contends that the answer is simpler than that. Counsel notes that, pursuant to the current version of § 110(1), a second prosecution involving the same criminal episode is not barred if "the offense of which the defendant was formerly convicted or acquitted was a summary offense or a summary traffic offense." 18 Pa.C.S. § 110(1)(ii). Here, the offense of which Appellant was convicted in the first case was a summary offense. "Accordingly, where [§] 110 exempts the instant scenario from its protections under its own terms, counsel has concluded that further pursuit of this issue in this appeal would lack arguable merit." **Anders** brief at 14.

Counsel acknowledges that, as we noted above, the summary-offense exception was added to § 110 after Appellant committed his summary offense and allegedly committed insurance fraud. However, counsel asserts that there is no impediment to applying the current version of § 110 to resolve Appellant's motion filed after the effective date of the amendment because it does none of the things that constitute an *ex post facto* violation. **Id**. at 16. Specifically, the amendment to § 110 did not: "(1) criminalize conduct that was previously not criminal; (2) aggravate the severity of a criminal law; (3) increase the punishment for a crime; or (4) alter the rules of evidence, thus

allowing less or different evidence to suffice for a conviction." *Id*. (some parentheses added).

We do not agree with counsel that the motion to dismiss is so obviously meritless to classify this appeal as wholly frivolous. As this Court has observed:

> Our system of appellate review is based upon the notion that an adversarial process will best advance the interests of the parties and the development of the law. In this process, each side is expected to make its best argument(s) and the appellate court decides which argument is of greater merit. It appears that unless a position is without question defeated by existing caselaw, an appointed counsel should advance the best argument he/she is capable of constructing and allow the appellate court to make the ultimate determination that the argument lacks merit. It may be that counsel believes that the argument advanced is unlikely to ultimately prevail. Nevertheless, this does not mean that the appeal is wholly frivolous.

*Commonwealth v. Edwards*, 906 A.2d 1225, 1231 (Pa.Super. 2006) (cleaned up).

First, there is no caselaw to defeat an argument that the amendment to § 110(1)(ii) is not applicable in the instant case. The express exclusion of summary offenses as a bar to a subsequent prosecution for the same criminal episode took effect on July 10, 2022, which post-dated the filing of the second prosecution. It appears that a good faith argument can be made that the change in the law "impair[ed] rights [Appellant] possessed when he acted,"

- 11 -

*Commonwealth v. Johnson*, 732 A.2d 639, 643 (Pa.Super. 1999), namely the right not to face a second prosecution for the same conduct.[5]

Second, the question of whether the second prosecution stemmed from the same criminal episode, which is the issue the trial court regarded as non-frivolous in urging this appeal to proceed as one from a collateral order, is also not squarely defeated by existing precedent. Indeed, it appears that counsel opted to forgo presenting advocacy on this front not because he deemed the issue unarguable, but because he thought the amended statute rendered it moot. *See Anders* brief at 13.

Accordingly, while the issues identified by counsel may not ultimately prevail, the available arguments are not so clearly devoid of merit to warrant classifying this appeal as wholly frivolous and relieving counsel of his duty to advocate for his client. Therefore, we deny counsel's petition for leave to withdraw and order counsel to file an advocate's brief within sixty days of the date of this memorandum. The Commonwealth may file a brief in response within thirty days thereafter. The parties should address both which version of § 110(1)(ii) applies to our *de novo* review of the legal issue before us, and

_____

[5] Notably, the Commonwealth in its letter brief expressly disagreed with counsel's evaluation, asserting that the statutory amendment is irrelevant and that the motion was properly denied because "the clear separation between the act of insurance fraud and the act of driving under suspension was already a sufficient separation . . . even without the amendment[.]" Commonwealth's Letter in Lieu of Brief at 2.

whether either the nature of the first prosecution or the existence of a single or multiple criminal episodes sustains the trial court's ruling.

Application of Brian McNeil, Esquire, to withdraw as counsel denied. New briefs ordered. Panel jurisdiction retained.