**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| GREGORY SEWELL | : | |
| | : | |
| Appellant | : | No. 1497 MDA 2022 |

Appeal from the Order Dated September 26, 2022
In the Court of Common Pleas of York County Criminal Division at No(s):
CP-67-CR-0004395-2021

BEFORE:  BENDER, P.J.E., BOWES, J., and SULLIVAN, J.

MEMORANDUM BY BOWES, J.:                **FILED: FEBRUARY 27, 2024**

Gregory Sewell appeals from the order that denied his motion to dismiss based upon double jeopardy pursuant to 18 Pa.C.S. § 110.  We affirm.

On April 2, 2021, a vehicle operated by Sandra Ramirez was struck by a driver who left the scene without exchanging information or rendering aid. In investigating Ms. Ramirez's emergency call, Hanover Police Officer Zachariah Lloyd identified Appellant, who had a suspended license, as the driver of the other vehicle and obtained his insurance policy information. Officer Lloyd then discovered that on June 15, 2021, Appellant informed his insurance adjuster in a recorded call that Appellant had been the victim of the hit-and-run by a speeding police vehicle and that he had waited at the scene for more than half an hour after calling the police, who never arrived.

The Commonwealth initiated the instant case on August 10, 2021, charging Appellant with insurance fraud pursuant to 18 Pa.C.S. § 4117(2).[1] By complaint filed September 29, 2021, at CP-67-CR-4501-2021, the Commonwealth charged Appellant with accidents involving death or personal injury, duty to give information and render aid, duties at stop sign, drivers required to be licensed, and unlawful activities. The latter case terminated when Appellant pled guilty on August 25, 2022, to driving while his operating privilege was suspended.

Appellant thereafter filed a motion to dismiss the instant case on double jeopardy grounds, asserting that the insurance fraud prosecution arose from the same criminal episode as the one that culminated in his guilty plea such that it was subject to the compulsory joinder statute codified at 18 Pa.C.S. § 110. After a hearing, the trial court denied Appellant's motion to dismiss on September 26, 2022. This timely appeal followed.[2] Appellant complied with

---

[1] That statute makes it an offense if one:

> Knowingly and with the intent to defraud any insurer or self-insured, presents or causes to be presented to any insurer or self-insured any statement forming a part of, or in support of, a claim that contains any false, incomplete or misleading information concerning any fact or thing material to the claim.

18 Pa.C.S. § 4117(2).

[2] Since the trial court made no finding that Appellant's double jeopardy motion was frivolous, its order denying the motion was an immediately-appealable collateral order. **See**, **e.g.**, **Commonwealth v. Santiago**, 270 A.3d 512, 516 n.2 (Pa.Super. 2022).

the trial court's order to file a Pa.R.A.P. 1925(b) statement, and the court then submitted an opinion pursuant to Pa.R.A.P. 1925(a).

In this Court, Appellant's counsel filed a petition to withdraw and a brief in accordance with **Anders v. California**, 386 U.S. 738 (1967), and **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009). While we were not convinced at that point that Appellant's double jeopardy motion warranted relief, we concluded that the appeal was not so obviously lacking in merit that the appeal could be classified as wholly frivolous. Therefore, we denied counsel's petition and ordered the parties to file new briefs. With those now before us, we are prepared to adjudicate this appeal.

Appellant presents the following question for our review: "Is the instant prosecution subject to dismissal under the applicable version of 18 Pa.C.S. § 110 where it grew out of and was based primarily on another prosecution that [Appellant] has already resolved through a guilty plea?" Appellant's brief at 4.

We begin with a review of the pertinent legal principles. "The question of whether a defendant's constitutional right against double jeopardy would be infringed by a successive prosecution is a question of law. When presented with a question of pure law, our standard of review is *de novo* and our scope of review is plenary." **Commonwealth v. Gross**, 232 A.3d 819, 834-35 (Pa.Super. 2020) (*en banc*) (cleaned up).

Whether a subsequent prosecution is barred by a former one involving different offenses is governed by § 110. As amended in 2022, that statute provides in relevant part as follows:

Although a prosecution is for a violation of a different provision of the statutes than a former prosecution or is based on different facts, it is barred by such former prosecution under the following circumstances:

(1) The former prosecution resulted in an acquittal or in a conviction as defined in [§] 109 of this title (relating to when prosecution barred by former prosecution for the same offense) and the subsequent prosecution is for:

. . . .

(ii) any offense based on the same conduct or arising from the same criminal episode, if such offense was known to the appropriate prosecuting officer at the time of the commencement of the first trial and occurred within the same judicial district as the former prosecution unless the court ordered a separate trial of the charge of such offense or the offense of which the defendant was formerly convicted or acquitted was a summary offense or a summary traffic offense[.]

18 Pa.C.S. § 110.[3]

_____

[3] A prior version of § 110 was in effect at the time (1) Appellant allegedly committed all of the acts at issue, (2) both prosecutions were commenced, and (3) Appellant pled guilty to the summary offense in the other prosecution. That version did not include the phrase "or the offense of which the defendant was formerly convicted or acquitted was a summary offense or a summary traffic offense" within § 110(1)(ii). **See** 18 Pa.C.S. § 110 (effective August 27, 2002, to July 10, 2022).

Since the other prosecution resulted in a conviction for a summary offense, prosecution of this action plainly would not violate the version of the rule in effect at the time the court ruled on his double jeopardy motion. Appellant
*(Footnote Continued Next Page)*

The focus of this appeal is upon whether the instant prosecution arose from the same criminal episode as the one that resulted in Appellant's guilty plea. In this vein, we have explained that "a criminal episode is an occurrence or connected series of occurrences and developments which may be viewed as distinctive and apart although part of a larger or more comprehensive series." ***Commonwealth v. Jefferson***, 220 A.3d 1096, 1100 (Pa.Super. 2019) (cleaned up). We have expounded on the aspects of a single criminal episode in another context as follows:

> [To ascertain] whether a number of statutory offenses are logically related to one another, the court should initially inquire as to whether there is a substantial duplication of factual, and/or legal issues presented by the offenses. The mere fact that the additional statutory offenses involve additional issues of law or fact is not sufficient to create a separate criminal episode since the logical relationship test does not require an absolute identity of factual backgrounds.
>
> The temporal relationship between criminal acts will be a factor which frequently determines whether the acts are logically related. However, the definition of a single criminal episode should not be limited to acts which are immediately connected in time. Transaction is a word of flexible meaning. It may comprehend a series of many occurrences, depending not so much upon the immediateness of their connection as upon their logical relationship.

---

contends that the version of the rule in effect when he entered his guilty plea in the first prosecution governs the resolution of this claim because the amendment, which excepted summary offenses, impaired his constitutional right to be free from a successive prosecution. ***See*** Appellant's reply brief at 3-4. As the trial court reached the same result through application of the old rule as mandated by the amended rule, we shall assume for the sake of argument that the version which was in effect at the time the first prosecution terminated governs our analysis.

***Commonwealth v. Witmayer***, 144 A.3d 939, 946-47 (Pa.Super. 2016) (cleaned up).

This Court has observed that "a mere *de minimis* duplication of factual and legal issues is insufficient to establish a logical relationship between offenses. Rather what is required is a substantial duplication of issues of law and fact." ***Commonwealth v. Schmidt***, 919 A.2d 241, 247 (Pa.Super. 2007) (cleaned up). Yet, "[t]wo separate offenses may constitute the same criminal episode if one offense is a necessary step toward the accomplishment of a given criminal objective or if additional offenses occur because of an attempt to secure the benefit of a previous offense or conceal its commission." ***Commonwealth v. Perillo***, 626 A.2d 163, 166 (Pa.Super. 1993).

Here, the trial court explained its reasons for rejecting Appellant's claims as follows:

> In looking at the temporal sequence of events, the incidents and complaint dates are not the same. In the first case, the incident date is listed as April 2, 2021. This second case before this court has an incident date of June 15, 2021. That means a total of seventy-four days, almost two and a half months, elapsed between the two incidents. . . . Therefore, the temporal sequence leans towards two separate incidents and not one criminal episode.
>
> The logical relationship between the two cases does overlap. As the District Attorney's Office was investigating the first case, that investigation led to the charges in the second case. As the first case involved charges surrounding a hit-and-run, the District Attorney's Office investigated the accident further and discovered that [Appellant] allegedly lied on a recorded phone call to his insurance adjuster. Although the second event of the alleged fraud stems from the initial hit-and-run incident, that simply creates a "*de minimis*" connection.

While there are some common issues of fact, there are no common issues of law. [Appellant] pled guilty to a summary charge of driving while operating privilege is suspended in the first case on August 25, 2022, while the current case is graded as a felony. . . . To prove its case for false/fraudulent insurance claim, the Commonwealth needs to show that [Appellant] "knowingly and with the intent to defraud any insurer" filed "a claim that contains any false, incomplete or misleading information concerning any fact or thing material to the claim." There is no overlap in the elements of the law because the first case [Appellant] pled guilty to driving a motor vehicle while his license was suspended, revoked, or cancelled and before those driving rights were restored. These factors also lead the court to find the incidents were not one criminal episode.

. . . In this case, the Commonwealth stated the second case has a different affiant, David Jay of the District Attorney's Office, than it had for the first case. The victims are different in each case because the first victim would be the person in the other vehicle and then the insurance company would be the victim for this second case. A key witness for the second case would be the insurance adjuster, who would likely not have been a key witness for the first case. . . .

In analyzing the totality of the circumstances in this case, this court finds that there were two separate criminal episodes.

Trial Court Opinion, 1/4/23, at 4-6 (cleaned up).

Appellant argues that the prosecution for insurance fraud is part of the same criminal episode as the charge to which he had already pled guilty because it "grew out of—and could not have been brought but for—the conduct charged in the prior case." Appellant's brief at 18. He asserts that this prosecution would involve a substantial duplication of issues since "the foundation of the insurance fraud charge was that [Appellant] was responsible for a hit-and-run incident, *i.e.*, he committed the acts alleged in the other prosecution and yet told the insurance company otherwise." *Id*. at 19.

Although Appellant acknowledges that the insurance fraud claim obviously would require additional factual and legal matters, he maintains that the logical connection between the cases, and the fact that the Commonwealth would essentially have to re-prove the first case in order to prove the instant case makes the overlap substantial rather than *de minimis*. ***Id***. at 21-22 (citing ***Perillo***, ***supra*** at 166).

We agree with Appellant that there is a logical connection between the events that resulted in the prior conviction and this case, and the facts and witnesses from the prior prosecution are likely to be repeated in this prosecution. However, as the Commonwealth aptly observes, the crimes themselves, namely driving under suspension and insurance fraud, have no common elements or logical connection. ***See*** Commonwealth's brief at 15. Further, the cases have different victims, different affiants, and occurred in different places on different days. ***Id***. at 15-16. In short, the trial court properly held that the relationship between Appellant's hitting another vehicle and driving away while his driver's license was suspended on the one hand, and his decision to call his insurance company months later and claim that someone else damaged his vehicle on the other, was not so substantial that they amounted to a single criminal episode.

Accordingly, Appellant has failed to demonstrate that the trial court erred in concluding that § 110 did not bar the instant prosecution. Therefore, we affirm the order denying his motion to dismiss.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 2/27/2024